Starr vs. Light.

*Tourtellot v. Rosebrook*, 11 Met., 460; *Shrewsbury v. Smith*, 12 Cush., 180; *Holly v. Gas Co.*, 8 Gray, 123; *Holbrook v. R. R.*, 12 N. Y., 236; 18 id., 248; *Richards v. Sperry*, 2 Wis., 216; 7 id., 425, 527; 8 id., 255.

*Blair & Coleman*, for defendant in error.

## STARR vs. LIGHT.

CONTRACT *to pay in wheat at a certain price: Damages on default.*

1. A. contracted to pay B. a certain number of dollars in wheat of a certain quality, to be delivered in specified amounts at specified times annually

until the payment was completed, at a stipulated price per bushel; and there was a further provision that he might pay more in any year, *provided* said additional payment should be made in wheat at the stipulated price, or in cash, as B. might elect. *Held,* that on default in payment of the wheat, B. was entitled to its *actual* value when due, and not merely its value at the price stipulated.

2. The court would adopt the same measure of damages even if the provision last mentioned were omitted.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant appeals from a judgment in favor of the plaintiff for the whole amount claimed by him. The case is stated in the opinion.

*E. L. Runals,* for appellant, cited Pothier on Ob., 497; Chipman on Con.; 35–6; 280–81, sec. 49; 52 Pa. St., 363; 3 Conn., 58; 22 Vt., 301; 5 Wend., 393; 4 Ohio St., 38; 1 Doug. (Eng.), 15; 1 Halsted, 465; 12 Ill., 189, 191; 2 Pa., 63, 301; 7 Watts, 381; 7 Ala., 755; Edwards on Bills, 723–5; 1 Black, 342; 2 Johns., 243; 12 Mass., 124; 12 Vt., 509; 1 Ohio, 150, 160.

*A. B. Hamilton,* for respondent, cited *Meason v. Philips,* Ad., 346; *Edgar v. Boies,* 11 S. & R., 445; *Price v. Justrobe,* Harper (S. C.), * 111; *Wilson v. George,* 10 N. H., 445–9; *Hixon v. Hixon,* 7 Humph., 33; *Walker v. Meek,* 12 S. & M., 495; *McDonald v. Hodge,* 5 Hayw. (Tenn.), 85; *Lyle v. Lyle,* 6 Har. & J. (Md.), 273.

PAINE, J. The question presented in this case is one of considerable interest, and has never been decided by this court.

The decisions of other courts are conflicting upon the subject; and it becomes our duty to determine which seems to us to have the better reason.

The plaintiff gave a land contract, by which he sold and agreed to convey the land described on compliance by the purchaser with the conditions to be performed on his part.

The provision in regard to payment was as follows : " And the said party of the second part, for himself, his heirs, executors, administrators, and assigns, does covenant and engage to and with the said party of the first part, his heirs, executors, administrators and assigns, to pay the said party of the first part, his heirs and assigns, the just and full sum of twenty-four hundred dollars, with interest at ten per cent. per annum (payable annually), till paid, in manner following, viz. : The whole amount, principal and interest, to be paid in good, clean, dry, merchantable wheat, equal to the best qualities of club and Rio Grande produced on similar land the past year; the price to be seventy-five cents per bushel, and the wheat to be delivered at such place in the city of Ripon aforesaid, as the said party of the first part may from time to time require; the wheat to be delivered at times and in amounts as follows, viz. : Four hundred bushels on the 10th day of September, 1862, and six hundred (600) bushels annually on the 10th day of September thereafter, until the whole amount of principal and interest is paid," etc.

Wheat became worth a much larger sum than seventy-five cents per bushel; and the defendant, who is the assignee of the contract, claims the right to pay in money enough to make up the twenty-four hundred dollars with interest. The plaintiff claims that he is entitled to the wheat, or to the value of the several amounts provided for, at the time when they ought to have been delivered; and there are cases sustaining both positions. Those that support the defendant adopt the theory that provisions like these, in regard to the mode of payment, are inserted only for the benefit of the debtor, and that they give him the privilege to pay either in money or in the articles specified, as he may elect.

I shall not attempt an elaborate review of these cases, but

shall simply state the objections which have led us to reject their reasoning, and to adopt that of the opposite decisions.

In the first place they take an undue liberty with the language of contracts, and insert in them provisions which the parties have not made. When the contract expressly provides that payment shall be made in a specific article at a specified price, they say it need not be so made. They say that such a provision was for the benefit solely of the debtor, when the contract says no such thing, and when that mode of payment may have been the very reason that induced the creditor to make it. They say that because such contracts specify a certain number of dollars as the consideration, that shows that the creditor was willing to sell his property for that amount in money; when perhaps the sum was only fixed in view of the other provision for payment in a specific article at a specified price. There is no mutuality in the rule they establish. Thus, if the value of the article in which payment is to be made falls below the specified price, they all hold that the debtor may still pay in that article at that price. But if the value rises above that price, then he may pay in money. The creditor is to lose by the fall of article he contracts for, but not to gain by the rise. Such a rule seems intrinsically unjust. For these reasons, even though there were nothing in this contract which distinguished it from many and probably from all of those cases, we should still hold that such a contract was equivalent in all respects to a contract for the purchase of the amounts of wheat to be delivered at the times and price specified. That conclusion is sustained by the following cases: *Meason v. Philips*, Addison's Rep. (Pa.), 346; *Edgar v. Boies*, 11 S. & R., 445; *Price v. Justrobe*, Harper (S. C.), 111; *Wilson v. George*, 10 N. H., 445, 449; *Mattox v. Craig*, 2 Bibb, 584; *Cole v. Ross*, 9 B. Mon., 393.

We do not rely upon that class of cases relating to notes

or contracts to pay specified sums in stock or depreciated currency, because in them the stock or currency is properly described by the denomination of dollars.

But there are some provisions that distinguish this contract from any in the cases relied on by the appellant. It is distinguished from some of them in the fact that the amounts of wheat to be delivered are specified. This, however, is not very significant. But there is a provision following that above quoted, which seems to us very important, as showing beyond any question that it was not the intention of these parties that the mode of payment provided should be at the option of the debtor. And if that appears, then, according to all these cases, the intention must govern. After specifying the amount of wheat to be delivered at each installment, the contract proceeds: " with the privilege to the said party of the second part, of paying more in each year, *provided,* that said additional payments shall, at the option entirely of said party of the first part, be made in wheat at the above stipulated price, or in cash, as the said first party shall elect." This shows clearly that the vendor intended to secure, and the purchaser to give, the right to the wheat absolutely. They evidently understood that the positive provisions of the contract for that mode of payment, specifying the time and amounts, would secure that result. But when the vendor gave the debtor the privilege of paying more at any of those times, it was feared that such excess, if he should elect to pay more, might not be so plainly provided for. So, to remove all doubt, the option is expressly reserved to the vendor of the land to receive the excess in wheat at the stipulated price, or in money, as he might elect. In view of that provision, which distinguishes the contract from any in the cases cited, there is no room to maintain that the parties intended the

mode of payment provided in the contract to be at the option of the debtor.

*By the Court.*—The judgment is affirmed, with costs.