WARREN F. AVERILL AND WIFE vs. ABIEL LONGFELLOW.

Kennebec, 1876.—May 30, 1876.

*Assignment. Attorney and client.*

A claim for damages for assault and battery is not assignable.

An attorney, before judgment, has no lien to defeat a settlement made by the parties.

ON REPORT.

TRESPASS for assault and battery of the wife, plaintiff, charging a wrench, twist and sprain of her wrist and permanent injury.

At the March term 1875, there was a verdict for the plaintiff for $1500, and a motion filed by the defendant for a new trial.

At the October term 1875, the motion was withdrawn and the plaintiffs' counsel moved for judgment on the verdict, which was resisted by the defendant who filed the following :

$950.00.    Received of Abiel Longfellow nine hundred and fifty dollars in full settlement of all demands, actions and causes of action, we, or either of us, have against Abiel Longfellow, and especially of an action now pending and unsettled in the Sup. Jud. Court, Kennebec county, wherein the undersigned are plaintiffs and said Longfellow defendant, which said action is to be entered "neither party, no other action for same cause," at the next term of said court.

·Hattie Averill,

Witness, B. F. SMITH.                         Warren Averill.

Wiscasset, June 30, 1875.

*Lorenzo Clay,* the plaintiffs' counsel, put in evidence tending to show that at the time of action brought, the plaintiffs were living apart, the wife at Gardner and the husband out of the state; that the husband was willing his name should be joined in the suit, but that he disclaimed any interest in the damages or any liabilities for costs ; that he was willing his wife should make any arrangement she chose ; that the parties were poor and unable to furnish means to prosecute, and made a verbal assignment to him of the claim in consideration of services and advances as security therefor ; that after the verdict he caused the following notice to be served upon the defendant :

"To Abiel Longfellow :

You are hereby notified not to settle with, pay over to, or in any way compromise or settle the claim of Warren F. Averill and wife against you, now pending in the supreme judicial court, Kennebec county, with any other person except myself, as the claim has been legally assigned to me for a valuable consideration.

Gardiner, May 20, 1875.              Lorenzo Clay."

The plaintiffs' counsel further put in evidence tending as he claimed to show that the defendant and the husband, plaintiff, in fraud of the wife and her counsel, procured her signature to the receipt ; that she received but $550 of the money while the husband received the balance ; that she was threatened and overawed into the settlement.

The case was submitted to the full court with jury powers for adjudication.

*L. Clay,* for the plaintiffs.

*O. D. Baker,* for the defendant.

APPLETON, C. J. This was an action to recover damages for an assault upon the female plaintiff. The plaintiffs obtained a verdict and the defendant filed a motion for a new trial, and the cause was continued. After the continuance, and before judgment, the parties settled ; and the plaintiffs' claim was discharged.

The attorney, by whom the suit had been successfully prosecuted, claims that the demand had been assigned to him, and that this assignment was made before or at the commencement of the suit. But the demand was not assignable. It has been repeatedly held that a claim for damages for a personal assault cannot be assigned before final judgment. *McGlinchy* v. *Hall,* 58 Maine, 152. *Rice* v. *Stone,* 1 Allen, 566.

The lien of an attorney does not attach until the rendition of judgment. *Young* v. *Dearborn,* 27 N. H. 324, 331. Before that, the parties may settle and disregard the claims of the attorney. *Newbert* v. *Cunningham,* 50 Maine, 231. *Simmons* v. *Almy,* 103 Mass. 33. No lien in this case had attached. The court has no authority to set aside a settlement which the parties have delib-

erately made. In accordance with their agreement, the entry must be "neither party." *Neither party.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.