EVERETT HAMMONS *vs.* GREAT NORTHERN RAILWAY Co.

Argued May 2, 1893. Decided May 11, 1893.

53 249
e86 483

**A Claim for Personal Injury is not Assignable.**

A lien cannot be created upon a mere right of action for a personal tort.

Appeal by plaintiff, Everett Hammons, from an order of the District Court of Anoka County, *Henry G. Hicks*, J., made December 2, 1892, sustaining a demurrer to his complaint.

Plaintiff is an attorney at law and on January 29, 1892, was employed by Hiram Knox to bring an action against the defendant, Great Northern Railway Company, to recover $3,000 damages for an assault committed upon him the previous day by a conductor on one of defendant's passenger trains. Knox agreed with plaintiff to pay him for his services one-half of any sum recovered, and signed a contract giving plaintiff a lien therefor upon the cause of action. Plaintiff commenced that action for Knox and notified defendant of his lien, but while it was pending, Knox settled with defendant, received $250, and gave a release in full, but paid no part of the money to his attorney. Knox being insolvent, plaintiff brought this action to recover of the Railway Company and enforce his supposed lien. He claimed $500, one-half the reasonable value of Knox's cause of action. The defendant demurred to the com-

plaint. The trial court sustained the demurrer, saying that Knox's cause of action was not assignable before judgment, citing *Hunt* v. *Conrad*, 47 Minn. 556; *Coughlin* v. *New York Cent. & H. R. R. Co.*, 71 N. Y. 443.

*E. Hammons* and *W. Hammons*, for appellant.

A lien can be obtained and enforced by an attorney in an action which dies with the person. The statute makes no distinction as to the kinds of action in which the attorney may secure a lien. 1878 G. S. ch. 67, § 1; ch. 88, § 16. The object of the statute is evidently to protect attorneys against fraudulent and collusive settlements between the client and the adverse party, as well as against the claims of third parties against the client. *Crowley* v. *Le Duc*, 21 Minn. 412.

All civil actions in which an attorney could act for a client are embraced within the protecting provisions of these statutes. When the parties agreed upon the amount of money payable to Knox, there was *eo instanti* a debt fixed and agreed upon, just as conclusive and binding as any judgment could make it; nor would any court presume that the money was paid before the terms of settlement were agreed upon. It does not matter one iota whether the cause of action was or was not assignable, if the statute means what it says. *Wildey* v. *Crane*, 63 Mich. 720; *Smith* v. *Chicago, R. I. & P. Ry. Co.*, 56 Iowa, 720.

*M. D. Grover* and *C. Wellington*, for respondent.

It appears from the allegations of the complaint, that the cause of action held by Knox against the Great Northern Railway Co. was one personal to himself and non-assignable, and therefore an action in which the plaintiff in this case could obtain no interest whatever before judgment. *Hunt* v. *Conrad*, 47 Minn. 557; *Kusterer* v. *City of Beaver Dam*, 56 Wis. 471; *Coughlin* v. *New York Cent. & H. R. R. Co.*, 71 N. Y. 443.

The written notice of plaintiff's lien was as follows: "You are hereby notified that I hold, and shall assert, a lien for my services in the above entitled action, by virtue of a special agreement with plaintiff." This notice does not comply with the requirements of

the statute. 1878 G. S. ch. 88, § 16; *Crowley* v. *Le Duc*, 21 Minn. 412; *Forbush* v. *Leonard*, 8 Minn. 303, (Gil. 267.)

Although there is no statute against champerty, the aid of a court ought not to be given to enforce contracts which are in their nature champertous and against public policy. *Boardman* v. *Thompson*, 25 Iowa, 487; *Barker* v. *Birker*, 14 Wis. 131; *Allard* v. *Lamirande*, 29 Wis. 502.

*Smith* v. *Chicago, R. I. & P. Ry. Co.*, 56 Iowa, 720, goes to the extent of holding that an attorney can have a lien upon money paid in the settlement of a claim based on a personal tort. In this respect it is opposed to the current of authorities upon that question.

GILFILLAN, C. J.    One Knox, claiming to have a cause of action against this defendant for an assault committed upon him, employed this plaintiff, as his attorney, to bring and prosecute against defendant an action therefor, and entered into a written contract with him whereby plaintiff agreed to manage the action free of charge, if unsuccessful.    He agreed to pay all fees of officer, clerk, and jury, and Knox agreed to allow him to retain one-half the amount received in satisfaction of the suit, whether before or after trial, and, in terms, gave him a lien therefor upon any sum paid in settlement of the suit.    It authorized plaintiff to settle the action upon receiving such sum as Knox might consent to accept, not less than $1,000, unless plaintiff also assented.    The action was commenced, and, with the summons, this plaintiff caused to be served on the defendant a notice that he held, and should assert, a lien for his services in the action by virtue of a special agreement with the plaintiff.    Afterwards the defendant settled with Knox, paid him an amount agreed on, and he released the cause of action.    This action is to recover the value of this plaintiff's alleged lien on that cause of action.

Several reasons are suggested why plaintiff cannot recover, only one of which we need refer to.    The plaintiff had no lien—could not have any—on the cause of action.    A cause of action for a personal tort is strictly personal.    It is not in the nature of property, in the sense that any one but the injured party can have any right in it.    It is not assignable, and does not pass to the party's

representatives, but dies when he dies. *Hunt* v. *Conrad*, 47 Minn. 557, (50 N. W. Rep. 614.) It acquires the usual attributes of property only when it passes into judgment, and ceases to be a mere right of action. It follows that no lien upon it while it remains a mere personal right of action can be created.

Order affirmed.

VANDERBURGH, J., absent.

(Opinion published 54 N. W. Rep. 1108.)