J. E. COBBEY V. ANNA C. DORLAND ET AL.

FILED JANUARY 19, 1897.   No. 7017.

1. **Insurance**: TOTAL LOSS: ATTORNEYS' FEES: NOTICE OF LIEN. In an action against an insurance company on its policy insuring property against loss by fire, when the property insured thereby has been totally destroyed by fire, it is provided by statute that the "court, upon rendering judgment against an insurance company on any such policy of insurance, shall allow the plaintiff a reasonable attorney's fee, to be taxed as a part of the costs." In such an action the summons was indorsed as follows: "If the defendant fail to appear and answer, the plaintiff will take judgment for $800, together with interest at 7 per cent from September 26, 1893, and attorney fees and costs of suit. Attest: R. W. Laflin, Clerk. By Orlando Swain, Deputy." *Held*, That such indorsement was not a notice of plaintiff's attorney's claim of a lien for fees for his services performed in and about the suit, and further, that service of the summons so indorsed on the company did not convey notice to it of such claim of lien.

2. ———: ———: ———: Dismissal: Intervention. The attorney who instituted the suit for plaintiff applied to the trial court to be allowed to intervene and prosecute against the company his claim for fees. *Held,* That of the evidence filed in the matter of this application there was sufficient to sustain findings that there had been a dismissal of the action against the company, and a settlement and extinguishment of the plaintiff's claim against it, prior to any notice to it of any claim of the attorney's lien for fees; hence the denial of the application was not erroneous.

Error from the district court of Gage county. Tried below before Babcock, J. *Affirmed.*

*J. E. Cobbey, pro se.*

References: *German Ins. Co. v. Eddy,* 36 Neb., 461; *German Ins. Co. v. Penrod,* 35 Neb., 273; *Kansas P. R. Co. v. Thacher,* 17 Kan., 101; *Smith v. Chicago, R. I. & P. R. Co.,* 56 Ia., 720; *Ins. Co. of North America v. McLimans,* 28 Neb., 657.

*Alfred Hazlett, contra.*

Harrison, J.

An action was commenced in the district court of Gage county for the plaintiff by the intervenor, as her attorney, in which it appeared in the petition filed that she, as mortgagee of certain property in Beatrice, was entitled to the amount of the insurance thereon, evidenced by a policy issued by the Ætna Insurance Company of defendants, the property having been totally destroyed by fire. The petition in the action was filed of date December 30, 1893. Subsequently, pursuant to a settlement of the disputed questions in the case, A. L. Green claiming to represent the plaintiff during such adjustment, the following statement was filed:

"Now comes the plaintiff and dismisses the above entitled action without prejudice to future action at her costs.         Anna C. Dorland,

"By A. L. Green, *Agent.*"

This was filed January 19, 1894. Of the same date the intervenor filed the following:

"All parties will take notice that the pretended dismissal filed in this case is without authority and that I still have and claim the sum of $100 as attorney's fees for services rendered in this case, as alleged and claimed in the papers heretofore filed and the notice heretofore given.                    J. E. COBBEY."

And on January 26 he filed a motion by which he asked to intervene. This motion was accompanied by a petition in which appeared a statement of his claim for an attorney fee. The insurance company filed objections to the allowance of the intervention, affidavits were filed in support of the contentions of the parties respectively, and on presentation of the matter to the court the application to intervene was denied. The party who sought to intervene asks a review in this court of the action which resulted in the refusal to him of such right.

That notice of the attorney's claim of a lien for fees must be brought home to any party as against whom it is sought to be made effectual, is not questioned, but it is urged that the requisite notice of such claim of lien was given the insurance company by an indorsement which appeared on the back of the summons served. The indorsement referred to was as follows:

"If the defendant fail to appear and answer the plaintiff will take judgment for $800 together with interest at 7 per cent from September 26, 1893, and attorney fees and costs of suit.

"Attest:        R. W. LAFLIN, *Clerk*,
              "By ORLANDO SWAIN, *Deputy*."

The claim against the insurance company was for a total loss by fire of a building insuring which it had issued a policy, and in such an action "The court, upon rendering judgment against an insurance company upon any policy of insurance, shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of

the costs." (Compiled Statutes, ch. 43, sec. 45.) An inspection of the section which we have just quoted develops clearly that the amount to be allowed at the time judgment is rendered in a suit on a policy, as an attorney's fee, as part of the costs, is to be to the plaintiff in the action and not to his attorney. The indorsement on the summons in this case hereinbefore set forth was without doubt a statement, in short, of the plaintiff's claims in the action. It had none of the requisites of a notice of a claim of lien. It did not, either directly or indirectly, refer to the attorney or his fees, and was not signed by him either for himself asserting any claim or in his representative capacity as attorney for the plaintiff. It did not purport to emanate from the attorney or to any extent or degree set forth his rights to fees in the case, and cannot, by any allowable construction, or by intendment, be said to convey a notice of an attorney's claim of lien in the action for fees.

We are cited to the opinion in the case of *Smith v. Chicago, R. I. & P. R. Co.*, 10 N. W. Rep. [Ia.], 244, as authority for the contention that the notice of attorney's lien might be written on, or in, the summons, and thus served with it. It is therein stated: "The defendant claims that the notice of the lien upon which the plaintiffs rely is insufficient. The notice was inserted in the original notice and the service of it was made in connection with the service of the original notice. The objection is based upon the ground that the original notice can have but one office, and that is to bring the defendant into court, and that anything inserted in the notice not pertinent to this purpose is foreign and extraneous, and ought not to be treated as having any force. The statute simply requires the notice to be given in writing. In this respect the notice given conformed to the statute. It was not a part of the original notice but was written in a blank space between the parts of the original notice. If it had been written upon the margin below the original notice and properly signed, we think no question could

Cobbey v. Dorland.

be properly raised as to its sufficiency. The case, in our opinion is not essentially different. To hold that it is would be giving more force to a mere matter of form than we feel justified in doing." From the foregoing we gather that the statement of the claim of lien must, in that case, have been sufficient. As we have seen, it was not in the case at bar, hence the case cited is not in point.

In the affidavit of A. L. Green, who acted as agent for the plaintiff in the matter of compromise with the insurance company, appeared the following: "Affiant says that the said J. E. Cobbey, before said case was dismissed on the 19th day of January, 1894, told this affiant to go on and dismiss said case, or do with it as he pleased; and affiant further says that the said J. E. Cobbey instructed this affiant as to the form, or the substance which should be contained and set forth in a dismissal of this case, all of which plaintiff used and made, and had the same filed on said 19th day of January aforesaid." This statement is not directly contradicted or denied. There are, however, some facts asserted in the affidavit of the intervenor somewhat inconsistent and conflicting therewith, but, coupled with other evidence on the same question, the foregoing statement fully sustained a finding that the dismissal, as made, was proper and binding on all parties concerned, including the intervenor, and there was evidence which supported a further finding that no notice of the attorney's claim for lien was given to the insurance company prior to the time of the extinguishment of its liability to the plaintiff by the completion of the settlement. This being true, no lien could accrue (*Sheedy v. McMurtry*, 44 Neb., 499, and citations therein), and the trial court did not err in denying the request for intervention. The judgment of the district court is

AFFIRMED.