JOSEPH WILLIAMS ET AL., APPELLANTS, V. JOSEPH MILES
ET AL., APPELLEES.

Filed February 19, 1902.  No. 11,630.

1. **Probate of Will**: EQUITABLE ACTION TO SET ASIDE: ATTORNEYS:
   CONTINGENT CONTRACT: MOTION TO DISMISS: RIGHT AFTER PAY-
   MENT OF TAXABLE COSTS. Three plaintiffs, who were heirs at
   law of a deceased party, joined with others in an action, equi-
   table in its nature, brought to set aside an order admitting to
   probate a will of such deceased party, and to have the will
   decreed to be revoked by an alleged subsequent will, and for
   leave to probate the posterior will, after an appeal to this
   court from a judgment adverse to the plaintiffs, moved to
   dismiss the action as to themselves upon the payment of such
   proportion of the costs as the court found just and equitable,
   which motion was resisted by their former attorneys, who
   had a contract with them and the other plaintiffs by which
   they were to receive a proportionate share of whatever might
   be recovered by judgment, or received in settlement or com-
   promise or otherwise, and who had, under such contract, ex-
   pended considerable money in the prosecution of the suit,
   and earned attorney's fees for services of considerable value.
   *Held*, That the plaintiffs were entitled to dismiss the action,
   as to their interests therein, upon payment of a proportionate
   amount of the taxable costs.

2. **Rights of Attorneys Can Not Be Litigated in This Action.** *Held*,
   also, that the liability of the plaintiffs moving to dismiss, for
   expenses incurred by their attorneys, and for the value of their
   services under a contract for contingent fees, could not be
   litigated or determined in this action on a motion to dismiss
   the action as to such plaintiffs.

3. **Rights of Attorneys**: QUÆRE. Whether or not the contract of
   employment with the attorneys for the plaintiffs operated to

give to them such a lien on, or interest in, the cause of action as to permit them to prosecute the action to final judgment for the enforcement and protection of their own rights by virtue of the contract, is not determined.

APPEAL from the district court for Richardson county. Heard below before THOMPSON, J.

Heard on motion of three of the appellants to dismiss the action as to them. *Motion sustained.*

*Arthur J. Weaver,* for the motion.

*John L. Webster, contra.*

HOLCOMB, J.

Three of the appellants,—Joseph Williams, Ella Gagnon, and Frederick Williams,—who, with others, were plaintiffs below, file in this court papers purporting to discharge from their employment the attorneys heretofore representing all the plaintiffs in the action, and designating another attorney to represent them, accompanied by motions to dismiss the action as to them and their interests in the matters in litigation, and praying that they may be dismissed out of and from the case upon such terms as to costs as by the court may be found just and equitable. The motion is resisted by the attorneys appearing for the appellants, who have heretofore represented all parties plaintiff in the action. The said moving parties, with the other appellants, all appearing to be heirs at law of one Stephen B. Miles, deceased, joined in an action, equitable in its nature, begun in the county court, for the purpose and object of having vacated and set aside a final order admitting to probate a certain instrument purporting to be the last will and testament of said deceased, and to have said instrument declared and decreed to be revoked by a subsequent testamentary instrument alleged to have been executed by the deceased, revoking all prior wills, and for leave to present such subsequent will for probate

and allowance. From a judgment adverse to the plaintiffs, an appeal was taken to the district court,. where, after trial resulting in a like judgment, an appeal is prosecuted to this court. With the motions to dismiss, is presented a showing by affidavits in support thereof, the substance of which is that the motions are made in good faith, and because those making the same do not believe that they have a good cause of action upon which to ground a recovery on the final determination thereof; that they have received nothing by way of compromises or settlements of the matters in litigation, either directly or indirectly; that they entered into the contract of employment with one of the attorneys for plaintiffs, I. J. Ringolsky, who was authorized to associate with him other counsel, by the terms of which the attorneys so employed were to receive a certain percentage of whatever should be recovered by a final judgment rendered in the action, or by way of compromise or settlement, and that it was represented to the plaintiffs by the said attorney that he could procure a witness to prove the execution of the subsequent will alleged to have been made by the deceased, and to show that the will, the probating of which was sought to be vacated and set aside by this action, was revoked and annulled by such alleged subsequent will, and that no such testimony was adduced at either trial; and that the plaintiffs seeking to be dismissed from the action do not now believe that any such will as alleged was ever executed by said deceased. In the showing in resistance of the motions to dismiss it is set forth that no fraud or misrepresentations were practiced at the time the contract of employment was entered into; that the plaintiffs were desirous of contesting the validity of the will admitted to probate, believing a later will had been executed, in which they shared more liberally in the estate of the deceased; and that they approached and solicited the professional services of the said Ringolsky, and after a full discussion of all the known facts and the probabilities of succeeding in the litigation, the contract was entered into, with full

knowledge of the surrounding facts then known, and of
the contents of the agreement then signed. It is also made
to appear that the attorney making the contract and his
associates were to receive for their services and expenses,
"a proportion of whatever may be recovered 'through judg-
ment, or settlement, or compromise, or gift or that we
[the plaintiffs] may receive directly or indirectly to settle,
compromise or abandon the proceedings,'" and that such
contract further stated, "And it is further agreed that no
settlement or compromise can or shall be made by any of
the parties hereto unless consented to by all the parties
hereto, and unless consented to by I. J. Ringolsky." It is
also shown, or attempted to be shown, that in pursuance
of such contract the plaintiffs' attorneys have prosecuted
the action to the present time, believing they had a merito-
rious cause, and had expended large sums of money for
expenses connected with the prosecution thereof; that
some $900 had been expended in taking depositions and
preparing bills of exceptions, and about $3,000 for per-
sonal expenses of the attorneys, and in obtaining tran-
scripts, copies or records, perfecting appeals, and obtain-
ing appeal bonds and undertaking for costs, and that for
their own services in preparing for the different trials
had, and investigating and arguing questions of law and
fact, they had earned and were entitled to compensation
for the reasonable value thereof, which it is claimed is
the sum of $30,000, for all of which, it is declared, the
plaintiffs seeking to dismiss are liable for their propor-
tionate share.

As the question is presented, we are asked to pass on
the rights of the moving plaintiffs to be dismissed from the
action on the payment of such proportion of the taxable
costs as may be found just and equitable, and to have
the proceedings discontinued as to them in so far only as
their respective interests in the cause of action are affected.
The dismissal is opposed by their former attorneys on the
grounds and for the reasons herein mentioned, without the
payment to them of a proportionate share of all expenses

incurred and for professional services rendered in the management of the suit under their said contract of employment. Ordinarily a litigant may make such disposition of an action pending to which he is a party plaintiff as his wisdom and judgment may dictate, and, if a plaintiff chooses to settle or discontinue an action without the consent of his attorneys, this he has the lawful right to do, and the action should be dismissed on his motion. This rule, it would seem, is but natural justice, and giving to an individual his undoubted right to manage his private affairs according to his own conception of what is best for his individual interests. A party ought not to be held for increased costs, attorneys' fees, and other expenses incidental to continued litigation, against his expressed will and desire. It is not to be doubted, on the showing presented in support of the motions to dismiss, that the moving parties are acting in good faith, have received nothing of value in consideration of the action taken, and are only desirous of terminating litigation to which they are parties, and liable for costs and expenses thereof, because they consider the litigation unprofitable and inimical to their interests. Can it be said, on any sound legal principle, that because the plaintiffs have entered into the contract mentioned, they are bound to continue the litigation until their attorneys, as therein employed, consent to its termination? Will a court undertake to enforce literal compliance therewith, by compelling the parties to continue the litigation against their will? It is not the policy of the law to encourage litigation and coerce parties to continue in the prosecution of a suit in which they have lost faith in the merits of their cause of action. On the contrary, all such should be encouraged to discontinue that which will probably only result in an unprofitable and useless waste of time and expenditure of money. The right of the plaintiffs to dismiss their action and terminate the controversy, so far as their individual interests are affected, can hardly be questioned, and, we take it for granted, is conceded. They are the owners of the cause

of action to the extent of their interests therein; have absolute control thereof, and the right to dismiss their action when their own judgment approves of the same. We know of no principle of law, and are aware of no rule of practice, which will compel a party to continue the prosecution of a suit, involving only private rights, at his own expense and against his will. He may lawfully terminate the agency created by the employment of his attorneys engaged to conduct the litigation, and take such proper steps as will release him from further responsibility and costs, by a dismissal of his cause of action. Mechem, Agency, sec. 856; *Henry v. Vance*, 63 S. W. Rep. [Ky.], 273; *Swanston v. Morning Star Mining Co.*, 13 Fed. Rep., 215; *Lamont v. Washington & G. R. Co.*, 47 Am. Rep., 268; *People v. Blackhurst*, 27 N. E. Rep. [N. Y.], 1017; *Hanna v. Island Coal Co.*, 31 N. E. Rep. [Ind. App.], 846, 848; *Adkinson v. Gahan*, 28 N. E. Rep. [Ill.], 380; *Shank v. Shoemaker*, 18 N. Y., 489; *Kusterer v. City of Beaver Dam*, 43 Am. Rep. [Wis.], 725; *Miller v. Newell*, 47 Am. Rep. [S. Car.], 833. The right to dismiss, however, is not an unqualified one, and the court is authorized in many instances to impose terms which must be complied with as a condition to the exercise of such right. In *Sheedy v. McMurtry*, 44 Nebr., 499, 502, it is said: "But we think that the existence of the right of a plaintiff to dismiss at any time during the pendency of a cause, as a general proposition, must be qualified, and is not absolute in the sense that it takes the subject without the control of the court in which the cause is pending, so that it can not, without its discretion, impose the condition of the payment of costs as obligatory and precedent to a dismissal of the action. In the case of *Young v. Bush*, 36 How. Pr. [N. Y.], 240, after citing in support of the doctrine that the court may make the allowance of a dismissal depend upon the payment of costs, *McKenster v. Van Zandt*, 1 Wend. [N. Y.], 13; *Harden v. Hardick*, 2 Hill [N. Y.], 384, and *Huntington v. Forkson*, 7 Hill [N. Y.], 195, it is said: 'The principle asserted in all these cases

and in numerous others is, that the right to discontinue is not absolute, that it is to be exercised under the control of the court, and that equitable terms may be imposed in proper cases; and that the right to discontinue may be disallowed in the discretion of the court, or restricted * * * upon equitable considerations.' "

It will hardly be urged, we apprehend, that because the attorneys for the plaintiffs have been at considerable expense in the conduct of the prosecution of the action, for which they have not been reimbursed by their clients, who may be obligated to repay them, and have rendered professional services of great value, these are grounds sufficient to justify the court in denying the motions made by the plaintiffs to dismiss the action until such expenses and services are compensated for; nor do we think we can, in this proceeding, enter into a trial of the merits of the contract of employment under which such services were rendered, and expenditures made, and adjudicate the rights and liabilities of the respective parties thereto. Whatever may be their rights and obligations regarding such matters, they must be determined entirely independent of the plaintiffs' right to dismiss their cause of action at any step of the proceedings they may desire, unless, perchance, the attorneys have some lien on or interest in the subject-matter of the controversy or cause of action enforceable by them in their own right, and for their own protection. If there has been a breach of the contract by which they were employed, this must be litigated and determined in an ordinary action brought for that purpose, with all necessary parties before a court having the authority and jurisdiction to pass judgment on the matters in issue. *Henry v. Vance, supra.* We are powerless to transform the present action into one between the plaintiffs and their attorneys in a contest over the terms of the contract under and by virtue of which the attorneys have been employed to conduct the plaintiffs' suit, and determine their respective rights thereunder. Any liability of the plaintiffs in favor of their attorneys for fees and ex-

penses due them for their professional services can not properly be litigated in this case at this time, and in this court. *Sheedy v. McMurtry, supra.* Had the action proceeded to judgment, on which would attach a lien in favor of plaintiffs' attorneys, or were the controversy of such a character as to bring funds, money, or property into the possession of the court, or custody of the law, on which the plaintiffs' attorneys could claim a lien, legal or equitable, for the value of their professional services and expenses incurred in the prosecution of the suit, we would not doubt our authority to protect and preserve such lien for their benefit, when jeopardized by contemplated action of their clients, and, were such the situation, many of the authorities cited by counsel resisting the motion would apply, and add great force to their contention. In the case at bar, however, there is only a naked right of action or subject-matter of litigation, which is no more than a right to maintain a suit for the recovery of certain alleged interests in and to the estate of the deceased, hereinbefore mentioned. Whether the action will ever ripen into a final judgment establishing such right and interest is problematical. The defendants and appellees are as yet not involved in the controversy growing out of the motion to dismiss. They have an indirect interest, because the sustaining of the motions has a tendency to bring the litigation to an end. The motions, however, are predicated on the declaration that no settlement or compromise has been effected, and that plaintiffs voluntarily, so far as their interests are affected, wish to terminate the litigation. We are not asked to dismiss the action or the appeal. It is only asked that the three parties filing the motions to dismiss be allowed to discontinue the litigation as it affects them, and that the cause of action stated in the petition as to them be dismissed upon the payment of costs, on terms to be fixed by the court as just and equitable. This is a right which should not be denied them. Whether the attorneys representing the moving plaintiffs prior to the time of filing their motions to dismiss have obtained

any lien on or interest in the cause of action which will permit of their prosecution of the proceeding to final determination and judgment in their own name, or in the name of the parties to the original action, for the enforcement of their rights under their contract of employment, and the protection of their interests, if any, which they possess in the subject-matter of the action, presents a question not now properly before us, and which we need not here discuss or determine. This is a question that would probably arise in a contest between the attorneys for the plaintiffs and the adverse parties to the action. Their right to continue the prosecution of the action, it would seem, could be permitted only on the theory that their contract of employment is of such a character as to operate as an equitable assignment in the right of action of the plaintiffs to the extent of the interest specified in the contract as the amount of compensation they should be entitled to by virtue of any judgment or other thing of value recovered or received as a result of the prosecution of the suit. This question, however, is not determined.

No valid objection appearing or being shown why the motions to dismiss the action as to the plaintiffs mentioned should not be sustained, the action will be dismissed as to them upon the payment of three-fourths of the taxable costs which have accrued in the proceedings to the time of filing this opinion.

JUDGMENT ACCORDINGLY.