CHARLES H. ANDERSON v. ITASCA LUMBER COMPANY.[1]

June 20, 1902.

Nos. 13,035—(146).

**Attorney's Lien—Dismissal of Action by Client.**

A plaintiff and his attorney in a certain action entered into an agreement that the attorney should receive one-third of the amount recovered, and be reimbursed for all expenses incurred by him in conducting the litigation, and that no settlement should be made by either party to the action without consulting each other, or without the consent of the attorney. In pursuance of such contract, action was begun, and the attorney expended about $300 disbursements. Two trials were had, both resulting in disagreement of the jury. Thereafter the plaintiff, upon his own motion, and without the knowledge or consent of his attorney, dismissed the action, but not on account of any settlement with defendant, nor for the purpose of defrauding the attorney of his fees or money expended. *Held*, that the attorney possessed simply a prospective lien, which could become vested only by the entry of a verdict or order for judgment for plaintiff, and that plaintiff had authority to dismiss the action without the attorney's consent.

**Contract with Client.**

Whether the contract was champertous, or whether the entire contract was rendered void on account of the clause which prohibited settlement without the consent of the attorney, is not decided.

**Error.**

The court erred in reinstating the case.

Appeal by defendant from an order of the district court for Itasca county, McClenahan, J., vacating on motion of plaintiff's attorney a dismissal of the action theretofore entered at the

[1] Reported in 91 N. W. 12.

instance of plaintiff without his attorney's knowledge, and re-instating the case upon the trial calendar. Reversed.

*James A. Kellogg*, for appellant.

*White & Price*, for respondent.

LEWIS, J.

On August 24, 1900, respondent and his attorney, Price, entered into an agreement to the effect that the attorney should render professional services in bringing a cause of action against the appellant company growing out of damages suffered by respondent on account of a fire. The agreement provided that the attorney should receive one-third of whatever amount might be recovered in the action, and, in addition thereto, respondent should pay all disbursements expended by the attorney. It was further provided that no settlement be made by either party to the agreement without consulting with each other, nor without the consent of respondent's attorney.

Some time after the execution of the contract the action was twice tried by a jury, who disagreed in each instance. Thereafter, and on July 12, 1901, respondent, Anderson, caused a dismissal of the action upon his own account; and on July 13, without consultation with his attorney, and unknown to him, Anderson caused notice of the dismissal of the action to be served upon the appellant lumber company, together with a notice to the effect that Mr. Price had been discharged as his attorney, and that his power and authority in the case had been revoked. In January, 1902, Mr. Price gave notice to the attorney of the appellant company of a motion to vacate the dismissal and to reinstate the case, and, in support of this motion, submitted an affidavit setting forth the execution of the contract; the two trials, and the disagreement of the jury on both occasions; that the attorney had paid out in disbursements over $300 in the conduct of such litigation; and that respondent was financially irresponsible. The affidavit further stated that the dismissal had been procured, not in pursuance of any settlement with the appellant company, but because respondent had been informed by another attorney that the suit was commenced in the wrong court. Respondent, Anderson, had no notice

of this motion to reinstate the cause; but appellant appeared by counsel, and the court made an order vacating the dismissal and reinstating the case. From this order appeal was taken.

Appellant attacks the court's decision upon the ground that the contract entered into between Anderson and his attorney was champertous and void, as against public policy, because it provided that the attorney should bear the expenses of the litigation, and that no settlement should be made by either party to the action without the consent of the attorney. It will not be necessary to decide whether this contract was in fact void for champerty, nor whether the entire contract was void by reason of the clause denying the right of settlement without the attorney's consent. We shall assume that the contract was not champertous, and that the clause with reference to settlement, although of itself void, as against public policy, did not render invalid the contract as a whole. We have, therefore, only to consider whether, under the circumstances disclosed by the moving papers before the trial court, the appellant was justified in dismissing his suit, and whether the trial court abused its discretion in setting aside such dismissal and reinstating the cause.

The attorney seeks to justify the action of the trial court upon the ground that he possessed a statutory lien upon the cause of action for his fees and expenses, and refers to the third subdivision, G. S. 1894, § 6194, which reads as follows:

}. "Upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

For authority we are cited to the case of Smith v. Chicago, 56 Iowa, 720, 10 N. W. 244. In that case attorneys were employed by a party claiming a cause of action against the defendant for personal injuries, and notice of the attorney's lien had been served upon the defendant pending the action. After the entry of judgment the client and defendant settled the case, regardless of the attorneys' notice, whereupon they brought suit against defendant to recover the amount of their fees, claiming a lien upon the money in its possession, and the court held in their favor. The statute upon which the court based its decision is similar to our own, but

there is this distinction between the cases: In the Iowa suit the cause had ripened into a judgment, and therefore the attorneys' claim had become vested in that judgment, by virtue of which money actually became due the plaintiff from the adverse party.

We are also referred to Weeks v. Wayne, 73 Mich. 256, 41 N. W. 269, and Carpenter v. Myers, 90 Mich. 209, 51 N. W. 206. In the first case the action had been completed to a judgment, and settlement had then been effected between the judgment debtor and judgment creditor without regard to the attorneys' contract for services, of which defendant had notice; and on petition the circuit judges were required to vacate an order dismissing the action, and to modify the judgment so as to secure the rights of the attorneys. In the latter case the plaintiff, to secure the attorney, had assigned to him his interest in the suits instituted, and had. later settled the case with defendants without paying his attorney. An action against defendants directly for services based upon the contract was sustained.

Williams v. Miles (Neb.) 89 N. W. 455, is not in conflict with the principles here involved. There the question whether or not the contract of employment with the attorneys operated to give them such a lien on the cause of action as to permit them to prosecute it to final judgment for the enforcement of their rights was expressly reserved. In Howard v. Town, 22 Wis. 433, the parties to the litigation privately effected a settlement between themselves, with the design of preventing the attorney from collecting his compensation. The New York cases referred to do not differ in principle, although the code of that state provides that an attorney has a lien upon his client's cause of action or counterclaim in his client's favor, which cannot be affected by any settlement between the parties before or after judgment.

Whatever rights the attorney in this case may have under the contract with his client, he certainly has no lien upon the cause of action, by virtue of the statutes of this state, which could be enforced before a verdict or order for judgment. The case of Hammons v. Great Northern Ry. Co., 53 Minn. 249, 54 N. W. 1108, was decided upon the point that an attorney's lien could not be created upon a mere right of action for a personal tort. The

decision might have been placed upon the ground that no lien could attach until verdict or an order for judgment was entered, but the action was dropped prior to such order, and the prospective lien fell with it. The section of the statute which gives a lien upon money in the hands of the adverse party implies that the cause of action shall ripen into, and become vested in, a judgment, so that if the lien is filed during the progress of litigation, and notice thereof given to defendant, and judgment is ordered in pursuance thereof, the lien becomes vested, and the attorney cannot be devested of his rights by reason of settlement between defendant and plaintiff. Such were the facts in the Iowa case, and, although the court there declared that the statute conferred a lien upon a cause of action resting upon an injury to a person, yet it is evident that the lien was of no avail, except prospectively, until the suit terminated in a judgment.

If, then, Mr. Price acquired no lien or interest in the cause of action by virtue of the statute which would prevent the plaintiff from dismissing the action under the circumstances stated, what right, if any, did he acquire by the contract itself? His power to control the continuance of the proceeding is not determined by the statute which provides for a change of attorneys, as it did not appear that the action was dismissed for that purpose; and, in the absence of some statutory provision to the contrary, it is the well recognized rule that a client may stop litigation at any time he desires. It follows, then, that the control of a case which a plaintiff has seen fit to institute is not dispensed with from the mere fact that he has agreed to give an attorney a certain percentage of the proceeds. To hold as we are asked to do by respondent would give attorneys the power to prolong litigation at their will, regardless of the interests or desires of their clients; and it is for this very reason that the clause referred to in the contract prohibiting settlement without the consent of the plaintiff has been declared by the courts to be void, as against public policy. For equal reason a contract providing that under no circumstances shall litigation be closed or dismissed without the consent of the attorney, when, in the judgment of the parties thereto, it was futile to continue it, is also against public policy.

In this case the action was dismissed by the plaintiff for the reason, so far as the moving papers show, that he had been unsuccessful in two trials, and upon an intimation that his action had been brought in the wrong court. It is admitted that the case was not dismissed because of any settlement made with defendant, nor for the purpose of defrauding the attorney out of his fees or the money advanced by him towards expenses, but plaintiff's action seemed to rest wholly upon the ground that he deemed it unwise to pursue the matter further. This right he had never contracted away, and, if he had, he could not be bound by it, and hence the action was properly dismissed; and, no good reason having been shown for its reinstatement, it must follow that in so reinstating it the court abused its discretion, and its action must be reversed.

Order reversed.

On July 11, 1902, the following opinion was filed:

PER CURIAM.

The appellant, on notice to Mr. Price, the attorney referred to in the foregoing opinion, applied to the clerk to have its costs and disbursements on appeal taxed against him on the ground that he was the real party in interest, and the case is now before us on appeal from the clerk's denial of the application. The appellant was the prevailing party, and is entitled to tax its costs and disbursements against some one, either Mr. Price or the plaintiff. The facts recited in the opinion show very clearly that such taxation ought not to be made against the plaintiff, for there was no controversy between him and the appellant, but that the litigation on the appeal was solely between Mr. Price and the appellant. The litigation was ended, and the action dismissed of record, and neither party of record either desired or sought to have the case reinstated. But Mr. Price voluntarily became a party to the litigation involved in the appeal by moving and securing on his own behalf an order of the court reinstating the case for his sole benefit, a proceeding to which the plaintiff was in no manner a party. It was the proceeding instituted by Mr. Price that made the appeal necessary, and it was he who made the contest in this court, and he was the real party in interest on the appeal.

The application to tax the costs and disbursements against him is granted, and the clerk is hereby directed to so tax them. See State v. Probate Court of Rock Co., 67 Minn. 51, 69 N. W. 609, 908.