JENS P. NIELSEN v. CITY OF ALBERT LEA.[1]

January 29, 1904.

Nos. 13,747—(175).

**Attorney's Lien.**

A statutory lien in favor of an attorney can be created only in the manner prescribed by statute.

**Chose in Action.**

An assignment of a chose in action is wholly ineffectual as against the debtor, in the absence of notice to him of the assignment, or knowledge of facts in relation thereto sufficient to put him upon inquiry. Until the debtor have notice of such assignment, he may deal with the assignor as though no assignment had ever been made.

**Attorney and Client.**

This rule applies as well between attorneys and their clients as between others.

**Settlement of Litigation.**

Parties to an action may settle the matters in litigation without consultation with the attorneys of either party, and such settlements, when fairly made and entered into, without fraud or collusion intended to defeat the rights of the attorneys, or notice that the attorneys claim any right or interest in the matter settled, are valid and binding.

**Application to Open Settlement.**

Plaintiff brought an action against the city of Albert Lea for damages for the alleged wrongful act of the city in causing his land to be over-

[1]Reported in 98 N. W. 195.

flowed. Subsequently the action was settled by an arrangement between the parties, but without consultation with the attorneys of plaintiff, whereupon the attorneys made application to the court below for leave to continue the action for the purpose of recovering therein for their services, on the ground that they held an equitable assignment of the cause of action. The motion was denied. It is *held* that, as it appears that the settlement was made in good faith, without purpose to cheat or defraud the attorneys, and without notice of the asserted equitable assignment to the attorneys, the court below properly denied the application.

Appeal by J. A. Sawyer and others from an order of the district court for Freeborn county, Kingsley, J. Affirmed.

*J. A. Sawyer* and *John Anderson,* for appellants.

*C. E. Southwick, Carlson & Skinner,* and *H. H. Dunn,* for respondent.

BROWN, J.[2]

Appeal from an order denying the application of plaintiff's attorneys for leave to continue the prosecution of the action for the purpose of recovering therein for services as attorneys for plaintiff.

The facts are as follows: In 1896 plaintiff brought this action to recover damages against the city of Albert Lea for the alleged wrongful and unlawful overflowing of plaintiff's land by the construction and maintenance of a dam at the outlet of Fountain Lake, near the city. Defendant answered, interposing various defenses; and, from the time issue was joined until final settlement and dismissal, the action, with other similar litigation, had a rough and stormy experience. It has been in this court numerous times for decision on various questions. This action finally reached a trial in the court below in December, 1902, when a verdict was directed for defendant upon the merits. A case was subsequently settled, and notice of motion for a new trial given; but, before the hearing and determination of the same, plaintiff sold and assigned his cause of action and all rights in the litigation to his wife, who subsequently, and before the final presentation of the motion for a new trial, settled the same with the city, dismissing the action, and this without notice to plaintiff's attorneys. Upon being informed of the settlement, the latter promptly applied to

[2] LOVELY, J., took no part.

the court upon affidavits for leave to continue the action for the purpose of recovering for their services, and for costs and expenses incurred by them in connection with the case.

Several questions are discussed in the briefs of counsel, but, in the view we take of the case, it becomes necessary to consider but one proposition, namely, whether the settlement between the parties, without notice on the part of the city of the rights of plaintiff's attorneys, was valid and effectual as against them.

It is claimed that the contract under which the attorneys commenced the action amounted to an equitable assignment to them of an interest in the cause of action; that they possessed a lien upon the same, or any recovery that might be had against the city; that the settlement was ineffectual as against them; and that they should have been permitted to continue the prosecution of the action for the purpose of recovering that interest, to the extent, at least, of defendant's liability on the merits of the action. The attorneys had no lien upon the cause of action, for there appears to have been no attempt on their part to comply with the statutes under which it could be acquired. A statutory lien in favor of attorneys can be created only in the manner prescribed by statute. Forbush v. Leonard, 8 Minn. 267 (303). We do not understand counsel seriously to claim that they possessed a lien upon the cause of action in the strict sense of the law; but they do contend that their contract with plaintiff, under which the action was commenced, amounted to an equitable assignment to them of an interest therein, or any recovery that might be had which may be enforced in the main action. Whether their position in this respect is sound we need not determine. For it is clear that, as defendant had not notice of their claim, whatever it may have been, at the time the action was settled, the court below properly refused the application to permit them to continue its prosecution to recover the alleged interest.

Authorities are quite uniform to the effect that an assignment of a chose in action is wholly ineffectual as against the debtor, in the absence of notice to him of the assignment, or knowledge of facts in relation thereto sufficient to put him upon inquiry. 4 Cyc. 88. Until the debtor receives such notice, he may deal with the assignor as though no assignment had been made, and this rule applies as well between attorneys and their clients as between others. Porter v. Hanson, 36

Ark. 591; Jennings v. Bacon, 84 Iowa, 403, 51 N. W. 15; Cobbey v. Dorland, 50 Neb. 373, 69 N. W. 951. And, in the absence of fraud or collusion intended to defeat the rights of the attorney, settlements may be made by the parties themselves, and the attorney left to his remedy against his client. Wright v. Wright, 70 N. Y. 98; Florida v. Ragan, 104 Ga. 353, 30 S. E. 745; Renick v. Ludington, 16 W. Va. 378; Rowe v. Fogle, 88 Ky. 105, 10 S. W. 426; Averill v. Longfellow, 66 Me. 237; 4 Cyc. 1019, and cases there cited.

The law favors and encourages settlements of litigation, and settlements fairly made between the parties, even though the attorneys be not consulted or informed thereof, where not fraudulently entered into for the purpose of depriving the attorneys of their compensation, should be sustained. That the settlement in this action was made in good faith, and without any purpose to defeat or defraud plaintiff's attorneys, the court below expressly found as a fact; and that the city had no notice of their asserted claim appears reasonably clear from the record. The settlement made was the satisfaction by defendant of a judgment rendered in its favor against plaintiff for costs, and the dismissal of the action by plaintiff's assignee, his wife. No money was paid to plaintiff or his wife.

The case of Anderson v. Itasca Lumber Co., 86 Minn. 480, 91 N. W. 12, 291, is directly in point, although no claim was there made that the contract between plaintiff and his attorneys, which provided that the attorneys should receive a certain per cent. of the recovery in the action for his services, amounted to an equitable assignment of the cause of action. It was held, however, that under the contract involved in that case, which was very similar to the one in the case at bar, the attorneys possessed simply a prospective lien, which could become vested only upon a recovery in the action; and that plaintiff had the legal right to dismiss the action without the consent of the attorneys, it appearing, as it does in the case at bar, that there was no fraudulent intent to deprive the attorney of his fees. But there can be no difference in principle between a case where the attorney has a right of lien, prospective or vested, upon, or an equitable assignment of, the cause of action. In either case notice must be given the opposite party.

As already said, no notice of the rights of the attorneys in this case was given to defendant; at least, the evidence on that subject is not

so clear that the city had notice as to justify us in overruling the finding of the trial court. On various occasions in the court below it was asserted by the city that the attorneys had taken this and other similar cases on speculation, on terms which limited their right to compensation to a recovery in the action, and, whenever this contention was made by the city, it was combated and denied by plaintiff's attorneys, who at all times asserted that they had no contingent interest in the result of the litigation. In the absence of this notice, it is beyond question, both on principle and authority, that the city had a perfect right to settle the litigation with plaintiff, or plaintiff's assignee; and the court below properly denied the attorneys' application.

Order affirmed.