CHARLES L. BOOGREN v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 5, 1906.

Nos. 14,606—(149).

**Attorney's Lien.**

A lien cannot be created upon a mere right of action for personal tort.

**Assignment.**

A right to recover damages for a personal tort is a mere personal right, and not assignable before judgment. Hammons v. Great Northern Ry. Co., 54 N. W. 1108, 53 Minn. 249.

[1] Reported in 106 N. W. 104.

**Compromise of Action without Consent of Attorney.**

    B., claiming to have a right of action against a railway company
for damages for personal injuries, made a written contract with G., an
attorney at law, by which G. agreed to bring the action and to pay all
expenses of the suit, and B. agreed to pay G., after the expenses had
been paid, fifty per cent. of all money received from the railway company
as compensation for his injuries.   The action was brought, and after
a disagreement of the jury, while the case was on the calendar awaiting
another trial, the plaintiff and defendant, without the consent or knowl-
edge of G., settled the case.   On a petition by G. for leave to proceed in
the case to protect his interests, *held*:

    1. That G. had no lien upon the cause of action and was not the equi-
table assignee of an interest therein.

    2. That the plaintiff had a legal right to compromise the claim and
dismiss the action without the consent of his attorney.

    3. That the petition for leave to continue the case was properly denied.

Petition to the district court for Ramsey county by Joel E. Gregory,
plaintiff's attorney, for leave to continue the action for the purpose of
recovering from the parties thereto his fees and disbursements, the ac-
tion having been settled and dismissed without his consent.   From
an order, Bunn, J., discharging an order to show cause and dismissing
the application, petitioner appealed.   Affirmed.

*Shelton L. Smith*, for appellant.

*Munn & Thygeson* and *W. R. Duxbury*, for respondent.

ELLIOTT, J.

This is an appeal by the attorney for the plaintiff from an order
discharging an order to show cause why the attorney should not be
permitted to continue the action for the purpose of determining and
enforcing his alleged interest therein.

Some time prior to July, 1904, the plaintiff, Charles L. Boogren,
claimed to have a cause of action against the St. Paul City Railway
Company for damages for personal injuries alleged to have been oc-
casioned by the negligence of the company.   On July 15, 1904,
Boogren entered into a contract with the petitioner, Joel E. Greg-
ory, an attorney at law, by the terms of which Gregory agreed to
prosecute the action as the plaintiff's attorney and to pay all ex-
penses of the suit, and in consideration therefor Boogren agreed to

Pay said party of the second part [Gregory], after the expenses of said suit and other expenses have been paid, fifty per cent. of all moneys received from the St. Paul City Railway Company by party of the first part as compensation for said injuries in said case of Charles L. Boogren v. St. Paul City Railway Company.

An action to recover damages in the sum of $10,350 was thereafter brought in Ramsey county. On the trial the jury disagreed, and the case was continued to the January, 1905, term. On the defendant's motion the case was continued till the February term, and set for trial on February 14. When the case was called for trial, the plaintiff did not appear, and his attorney stated that he was not able to find his client. The defendant's attorney stated to the court that the defendant had its witnesses subpœnaed and in court ready for the trial, but that he would consent to a continuance of the case until the April term of court. It was subsequently continued to the May term of court, and then to the June term, by agreement of the attorneys. On the call of the calendar on June 5 the defendant objected to any further continuance, and the case was set for trial on June 9. On June 8 the defendant filed a written dismissal of the action on the merits. This instrument bore date of January 24, 1905, and was signed by the plaintiff and defendant's attorneys. When the case was called for trial on June 9, the defendant informed the court that the action had been settled and that a dismissal had been filed.

The petitioner then stated to the court that he knew nothing of said dismissal, and asked that the action be held open to allow him to present a petition to be allowed to continue the action for the purpose of recovering his attorney's fees and expenses. This petition was granted, and petitioner thereafter made the petition herein, and the same came on for hearing on an order to show cause. The petition stated that the settlement between the defendant and plaintiff was made with the full notice and knowledge of the lien and rights of the petitioner and for the purpose of defrauding and cheating him out of his attorney's fees and expenditures, that his expenditures were $328.75, that the plaintiff's damages were $5,000,

and that plaintiff was insolvent. The defendant moved to dismiss the petition upon the grounds (1) that it did·not state facts sufficient to warrant the court in granting the petitioner the relief prayed for; (2) because the court had no jurisdiction of the subject-matter. The appeal is from an order dismissing the petition.

The defendant contends that the order should be affirmed because of the absence of a certificate of the judge or of the clerk that the return contains all the records and files in the case. But it appears from the nature of the proceedings that the trial court disposed of the motion after consideration of the petition. The defendant in effect demurred to the petition, and it is perfectly apparent that nothing but the petition was before the court and under consideration. The petitioner bases his right to continue the action for the protection of his alleged interests upon the theory (1) that he has a lien which it is the duty of the court to protect, and (2) that he is the equitable assignee of an interest in the cause of action by reason of the contract between him and the plaintiff.

The order of the trial court was correct. The breach of professional ethics involved cannot affect the legal rights of the parties. The petitioner had no lien upon the cause of action. He had acquired no statutory attorney's lien (Forbush v. Leonard, 8 Minn. 267 (303); Nielsen v. City of Albert Lea, 91 Minn. 388, 98 N. W. 195), and it is the settled law of this state that a lien cannot be created by such a contract upon a right of action arising out of personal tort. As said in Hammons v. Great Northern Ry. Co., 53 Minn. 249, 54 N. W. 1108, "The plaintiff had no lien—could not have any —on the cause of action. A cause of action for a personal tort is strictly personal. It is not in the nature of property, in the sense that any one but the injured party can have any right in it. It is not assignable, and does not pass to the party's representatives, but dies when he dies. Hunt v. Conrad, 47 Minn. 557, 50 N. W. 614, 14 L. R. A. 512. It acquires the usual attributes of property only when it passes into judgment and ceases to be a mere right of action. It follows that no lien upon it while it remains a mere personal right of action can be created." See also Anderson v. Itasca Lumber Co., 86 Minn. 480, 91 N. W. 12, 291, and Nielsen v. City of Albert Lea, supra.

Even though the cause of action had been assignable, this contract is insufficient to constitute an assignment. It does not purport to be an assignment. It is merely an agreement by the plaintiff to pay to his attorney a certain portion of what the plaintiff may recover from the street railway company. Boogren is to receive the entire amount of the verdict and pay to Gregory fifty per cent. of all money thus received. The contract creates a personal obligation on his part to pay Gregory one-half of the amount thus received. It imposes no obligation on the part of the company towards Gregory. He had no lien and no interest in the cause of action. It is thus immaterial that the company knew of the existence of his claim. Even an intent on the part of the railway company to deprive the attorney of his fees and disbursements cannot deprive the client of the right to agree to a settlement and to dismiss the action.

It has been said that the court will protect the attorney of a party to an action against a collusive settlement in fraud of his rights. This rule applies when the attorney has acquired a lien. Weicher v. Cargill, 86 Minn. 271, 90 N. W. 402. The language used in the New York and Georgia cases must be construed in the light of the statutes of those states, which give the attorney a lien upon the client's cause of action. 3 Am. & Eng. Enc. (2d Ed.) 468. There are also serious practical difficulties in the way of such a procedure when the action is to recover unliquidated damages. The power to arrest or rescind the effect of a settlement is cautiously exercised in respect to suits for debts actually owing; and the power would be more cautiously applied to actions for torts, where it would be impracticable for the court, upon the opposing representations of the parties and without hearing the proofs, to ascertain whether there was a just cause of action, or whether there was ground to distrust the justness of the settlement. The whole case would have to be tried before the court could pronounce that the suit was properly instituted, and that it afforded prima facie ground for the award of costs. As said by Butts, J., in Peterson v. Watson, 1 Blatchf. & H. 487, Fed. Cas. No. 11,037, "That manifestly could never be done without serious inconvenience and expense, and the

better practical rule will doubtless be to leave the proctor to look to the responsibility of his client alone. Ordinarily he will take the precaution to secure himself against the mischances of suits of this character; and, if he does not, no urgent equity is thereby created for an extraordinary interference on his behalf by the court."

The policy of the law favors the adjustment of claims and the termination of litigation, and the courts are not disposed to limit the right of parties in this respect. This practice may occasionally work a hardship upon attorneys, but it is nevertheless a salutary rule. An attorney whose rights are prejudiced must look to his client for relief, or in a proper case proceed directly against the party by whose fraudulent conduct he has been injured.

The order appealed from is affirmed.