## Mary M. Boyle v. Josiah W. Boyle, Henry J. Welch, Claimant, Respondent, Annie L. McCahill, Appellant.

A bond of indemnity given by an administrator to the sureties on his bond was conditioned to save the obligees "from any loss or error which might arise from or be caused by said administration." The administrator settled his accounts and was discharged. *Held,* that the bond did not cover expenses incurred by the obligees in an effort to be discharged as sureties, or in an effort, on their part, to compel the administrator to account.

(Argued June 7, 1887; decided June 14, 1887.)

THIS was an action for partition. The premises were sold and the questions presented here arose between claimants to the share of defendant Mansfield in the proceeds. A reference was had to determine their respective priority, in which it was decided that Andrew J. Rogers had the first lien, Henry J. Welch, the second lien, and the appellant Annie L. McCahill, the third lien. The claimant McCahill filed exceptions to the report of the referee, which were over-ruled at Special Term. The General Term affirmed the order.

Mr. Rogers, one of the claimants, was employed as attorney for Mansfield in the action. It appears that it was agreed between Mansfield and the claimant that his compensation should be $400, payable out of the proceeds of Mansfield's interest after deducting such allowance as the court should make to him in the way of costs. An allowance of $150 was made, which Rogers credited upon the $400 to be paid under the agreement, and the referee found that he has a lien for the remaining $250 upon the fund in court.

Mr. Welch claimed a lien upon the fund by virtue of an assignment executed by Mansfield. Welch was one of the sureties on the bond of Mansfield as administrator. To indemnify the sureties, Mansfield gave to them his bond, and executed to them an assignment of his interest in the proceeds of sale in the partition suit. The material portions of the bond of indemnity and of the assignment are set forth in the opinion. Some time after the appointment of Mansfield, as administrator, Welch and his co-surety, presented a petition, under

section 2600 of the Code, to be relieved from liability as sureties, and upon this petition the surrogate issued a citation requiring Mansfield to show cause why he should not put in new sureties. Mansfield failed to appear or put in new sureties, and the surrogate made a decree, relieving the sureties from future breaches, revoking the letters issued to Mansfield, and directing him to account. He did not file an account within the time required by surrogate, and an attachment was issued against him, and he was arrested and brought into court. He then filed an account, showing that he had properly discharged his duties as administrator. This account was settled and allowed by the surrogate, and Mansfield discharged as administrator. Welch showed that he paid out about $200 in disbursements, and became liable to his attorneys for $300. Mansfield had confessed judgment to him for $500 damages, and sixteen dollars and seventy-one cents costs, making his claim for $516.71 stated in order of confirmation. Mrs. McCahill's claim is upon a loan of $1,000 made to Mansfield as security, for which she took an assignment of the interest of Mansfield in the suit in partition and the proceeds, which was subsequent to the assignment to Welch.

The following is the *mem.* of opinion :

*Per Curiam.* We are satisfied with so much of the order appealed from as directs that the claim of Mr. Rogers, as attorney in the partition suit, shall be first paid out of the proceeds in the hands of the court. But we are not satisfied with the priority awarded to Welch, he was surety upon Mansfield's bond as administrator, and to protect him against that liability the assignment relied upon was made. But no such liability ever occurred. Mansfield in the end settled his accounts and was discharged, and the decree shows that he paid out in funeral expenses more than the whole amount of the estate. Welch's loss did not come from his liability on the bond, but first from his effort to be discharged as surety for which Mansfield was not accountable; and, second, from his own interference in an endeavor to make Mansfield account. The expenses he incurred were the product of his own fears, and not contemplated by the indemnity or fairly

within its terms. While its language is quite broad, it plainly does not cover an expenditure not created by the suretyship, but by his own hostile endeavor to be rid of it. The purpose is stated to be to guard the bondsmen " from any loss or error that might arise from or be caused by said Mansfield's administration of said personalty." There was no such loss. The administration resulted in none. It came from Welch's fears that there might be one, and his own voluntary action and expenditure. The language expressing what is to be paid out of the share assigned is " such loss, expense, sum or sums of money as the said Henry J. Welch and Patrick J. Evans may incur or be put to from any loss, error, mishap or cause whatsoever in relation or regard to their suretyship on the said bond." Here again is contemplated some loss flowing from liability as surety, and which is incurred or put upon them from that cause. It is expressed again " for any loss or expense they or either of them sustain or incur by reason of their suretyship on my said bond." No such loss ocurred. Welch could have remained surety and relied upon his indemnity. He chose not to do so. He sought to be relieved from the risk. That was his privilege, but the cost of it was not within his indemnity. He incurred further expenses in hostility to Mansfield. . The result proved they were needless. Welch has his judgment against Mansfield, but is not entitled to be paid in preference to Mrs. McCahill.

" So much of the order as gives him that preference should be reversed; the order modified so as to give Mrs. McCahill preference in payment next after Rogers; no costs of this appeal to be allowed either party."

*De Witt C. Brown* for appellant.

*James C. De La Mare* and *John W. Goff* for respondent.

*Per Curiam* opinion for reversal of so much of order as gives Welch a preference, and order modified so as to give Mrs. McCahill a preference in payment next after Rogers.

All concur.

Ordered accordingly.