Justice v. Justice.

———————◆———————

No. 12,922.

JUSTICE v. JUSTICE.

SUPREME COURT.—*Transcript.*—*Motion to Eliminate Parts of Record.*— *Affidavits.*—*Practice.*—A motion to eliminate parts of the record, alleged to have been interpolated without authority after the appeal, will be overruled, because the transcript, when properly certified, imports absolute verity, and because the Supreme Court will not undertake to reconcile the affidavits for and against the motion, or pass upon their preponderance.

ATTORNEY.—*Equitable Lien for Services.*—*Priority of Payment Over Judgment Creditors.*—An attorney who, by his services, has procured a will to be set aside, and established his client's right to share in the estate of the testator, acquires an equitable lien for his fees upon the fund so secured to his client, and is entitled to priority of payment over a judgment creditor of the latter whose lien attached after the contract for such professional services was entered into.

JUDGMENT.—*General Lien of.*—*Prior Equities.*—The general lien of a judgment upon the lands of the debtor is subject to all prior equities exist-

ing against such lands in favor of third persons; and a court of equity will limit the lien to the actual interest of the judgment debtor in the property.

From the Cass Circuit Court.

*D. Turpie, D. H. Chase* and *J. M. Justice,* for appellant.

*D. C. Justice,* for appellee.

HOWK, J.—On the 20th day of September, 1886, appellee, James M. Justice, moved the court in writing to eliminate from the record of this cause, filed here on this appeal, certain parts thereof for the following reasons, namely : That such parts of the record had been interpolated and added to the transcript of the record since the same was filed in this court and since the appeal herein, and had been added without authority of law and without the knowledge or consent of appellee. In support of his motion appellee filed the affidavits of his attorney, of the official stenographer of the court below, and of the clerk of the Fayette Circuit Court. In opposition to appellee's motion appellant filed the affidavits of himself, of Quincy A. Myers, Esq., an attorney at law of the court below and of this court, of the learned judge who tried this cause below as special judge, of the official stenographer, and of the clerk of the court below, to the effect that appellee's counsel had agreed in open court before the judge thereof, that the so-called interpolated matter which he had withdrawn from the files of the court should be returned and inserted in its proper place in the bill of exceptions without any objection or exception on his part. "We shall not undertake to reconcile the affidavits or pass upon their preponderance." *Louisville, etc., R. W. Co.* v. *Boland,* 70 Ind. 595.

To us the transcript of the record in any cause, certified by the clerk below under the seal of the court, as is the transcript of the record in the case under consideration, " imports absolute verity." *Du Souchet* v. *Dutcher,* 113 Ind. 249.

Appellee's motion to eliminate certain parts of the record of this cause is overruled, with costs.

It is shown by the record of this cause that at and before the September term, 1882, of the Cass Circuit Court, there was pending therein an action for the partition of certain described real estate in Cass county, wherein John G. Crockett and others were plaintiffs, and William A. H. Tate and others were defendants. In this action, on the 5th day of October, 1882, the appellee herein filed an intervening petition, wherein he alleged that, on the 3d day of November, 1874, by the consideration of the Fayette Circuit Court, in this State, one Vincent H. Gregg recovered a judgment against the defendant, William A. H. Tate, for the sum of $284.94, with interest thereon at the rate of ten per cent. per annum from that date, together with his costs taxed at $20, which judgment was wholly unpaid; that, on the 1st day of January, 1879, for a valuable consideration, said Gregg sold, assigned and transferred said judgment by his written assignment thereon, to appellee herein, the owner thereof; that, on February 1st, 1879, appellee caused a transcript of such judgment to be filed and recorded in the judgment-docket and order-book of the court below, and such judgment from and after the date last named became a lien upon the lands of defendant, William A. H. Tate, in controversy in the aforesaid action; that in October, 1882, an execution was duly issued on such judgment by the clerk of the Fayette Circuit Court, and was then in the hands of the sheriff of Cass county, which execution commanded such sheriff to levy the same and make the amount thereof of the property of defendant, William A. H. Tate. Copies of such judgment and of the assignment thereof, and of said execution, were made by appellee parts of his petition herein.

And appellee averred that it would be a useless expense to levy upon and sell the interest of defendant, William A. H. Tate, upon such execution, inasmuch as the court below had already directed, in the aforesaid action of partition, the com-

missioner appointed for that purpose to make sale of the
lands in controversy. Wherefore appellee prayed that the
court below would make an order that such commissioner
should pay to appellee, or to the sheriff of Cass county upon
such execution, so much of the proceeds of the sale of the
interest of William A. H. Tate in the lands in controversy
as would satisfy such execution, with costs accrued and to
accrue thereon, and for other proper relief.

Afterwards, the appellant also filed an intervening petition
in the aforesaid suit for partition, wherein he claimed that
the prayer of appellee's petition ought not to be granted, be-
cause, as appellant averred, one Elizabeth Pollard, a resident
of Cass county, in this State, on the 30th day of May, 1877,
made and published her last will and testament, whereby she
devised and bequeathed all her property, real and personal, to
certain legatees and devisees therein named, who were not
her heirs at law, but were strangers to her blood ; that, on
the next day, May 31st, 1877, said Elizabeth Pollard died
testate, in such county, seized of a large tract of land therein
and a large number of out-lots, with valuable improvements
thereon, in the city of Logansport ; that in June, 1877, the
same William A. H. Tate mentioned in appellee's interven-
ing petition herein, employed appellant, an attorney at law,
to contest and set aside such last will and testament of Eliza-
beth Pollard, deceased; that, by the terms of such employ-
ment, said William A. H. Tate agreed to pay appellant the
sum of $500 for his professional services as such attorney, to
be paid out of the first moneys realized out of any real estate,
or any interest therein, which he, Tate, might realize from
the estate of said Elizabeth Pollard, deceased, by reason of
the setting aside of her aforesaid will ; that appellant ac-
cepted the terms of such agreement and contract so offered
by said William A. H. Tate, and then and thereafter actively
engaged in a certain suit in his behalf, which he, William A.
H. Tate, and others, as plaintiffs, commenced against William
T. Wilson, executor, and others, devisees and legatees, in the

Cass Circuit Court, to set aside such last will and testament of said Elizabeth Pollard, deceased; that appellant, as such attorney, on behalf of said William A. H. Tate, devoted the greater part of one year, and expended a large sum of money, in the prosecution of the suit so commenced to set aside the aforesaid will; that, by patient labor as such attorney in the suit aforesaid, said will of Elizabeth Pollard, deceased, by the judgment of the White Circuit Court, in this State, was set aside and declared not to be the last will and testament of such decedent; that, in pursuance of such judgment, appellant afterwards in this suit for partition of the lands and lots in Cass county belonging to the estate of Elizabeth Pollard, deceased, proved to the satisfaction of the Cass Circuit Court, wherein such partition suit was then pending, that said William A. H. Tate was one of the heirs at law of such decedent, and, as such, was the owner of the undivided one twenty-eighth part of the one-half in value of the aforesaid lands and lots, and was entitled to partition and to have his said share set off to him in severalty; that in such partition suit it was found and adjudged by the court that the aforesaid lands and lots, including said Tate's share thereof (owing to the decedent's numerous heirs), were incapable of division, and an order was made by the court for the sale of the aforesaid lands and lots, and appointing a commissioner to make such sale, and pay each of the heirs at law of such decedent his share of the proceeds of such sale.

Appellant further averred that the whole amount which would be realized from the sale of William A. H. Tate's interest in the aforesaid lands and lots, would not exceed the sum of $500, the amount justly due appellant from said Tate, at his special instance and request as aforesaid; that appellee and his assignor had notice of the pendency of the aforesaid suit to set aside the will of said Elizabeth Pollard, deceased, and of appellant's employment as the attorney of William A. H. Tate in the prosecution of such suit, and of the terms as aforesaid of such employment, and of appel-

lant's services for said Tate in the premises, long before the transcript of the aforesaid judgment against William A. H. Tate was filed in the clerk's office of the Cass Circuit Court; and that the interest of said Tate in the aforesaid estate was acquired by the labor and services of appellant as his attorney and counsel as aforesaid, without which services he, the said Tate, would have never recovered any interest in said estate. Wherefore appellant averred that his equity in the interest of said William A. H. Tate in the aforesaid estate of Elizabeth Pollard, deceased, was superior to the lien of appellee's judgment thereon, and he prayed the court to so declare by its decree, etc.

Afterwards, the matters arising under the intervening petitions of appellant and appellee, respectively, were submitted to the court for final hearing; and upon the evidence adduced by the parties respectively, the court found for appellee James M. Justice, Sr., that he was the owner of the judgment against William A. H. Tate, described in his intervening petition herein, upon which judgment there was then due him of principal, interest and costs, the sum of $579.36; that the lien of such judgment was the first lien upon the funds in the hands of the court below and its commissioner, in the aforesaid partition suit, upon the sale of said Tate's lands therein, and superior to the claim of appellant James M. Justice, Jr., upon such funds; that the commissioner in such partition suit should first pay appellee the sum so due him upon his said judgment out of the funds aforesaid; and that if, after the payment of the sum aforesaid, with interest, to appellee, there should remain any surplus of the funds arising from the sale of William A. H. Tate's interest in the lands and lots aforesaid, such surplus should be applied to the payment of appellant's claim of $500 by the commissioner aforesaid—to all of which appellant at the time excepted. Over appellant's motion for a new trial or hearing, the court rendered its final order and

decree upon the intervening petitions herein, in accordance with its finding.

Error is assigned here by appellant upon the overruling (1) of his motion for a new trial, and (2) of his motion in arrest of judgment, while appellee has assigned, as a cross-error, that appellant's intervening petition does not state facts sufficient to constitute a cause of action, or to entitle him to any relief whatever.

Each of the intervening petitions was sufficient, we think, for the purpose for which it was filed. When considered together, in connection with the evidence in the record of this cause, the two petitions fairly present for our decision the only question we are required to consider and decide, namely : Upon the facts stated in such petitions, the substance of which we have heretofore given, and each of which is fairly sustained by the evidence in relation thereto, which of the intervening parties, appellee or appellant, is entitled in equity and good conscience to priority of payment out of the funds of William A. H. Tate, in the hands of the court below or of its commissioner in the aforesaid partition suit? We are of opinion that appellant is entitled of right to such priority of payment out of the funds aforesaid, as between him and the appellee, and that the court clearly erred in finding and decreeing otherwise. It is true, no doubt, that the general lien of the judgment against said William A. H. Tate, owned and held by appellee and described in his intervening petition herein, attached to the interest or share of said Tate in the lands and lots aforesaid, from which the fund belonging to him in the hands of the court or its commissioner was obtained, before appellant acquired or attempted to acquire a statutory lien upon the judgment of the court in such partition suit, for his fees as Tate's attorney therein, under the provisions of section 5276, R. S. 1881.

But it is equally true that appellant has not asserted, nor has he sought to enforce in his intervening petition herein, any such statutory lien upon the fund belonging to his client,

William A. H. Tate, in the hands of the court below or of its commissioner in such partition suit. On the contrary, appellant asserts and seeks to enforce herein an equitable lien upon the fund aforesaid, and an equitable claim to priority of payment out of such fund, for his professional services as an attorney at law under a contract with said Tate which ante-dated the lien of appellee's said judgment, and under which contract and through appellant's labor and services there-under the said Tate acquired his interest in the lands and lots aforesaid, from the sale whereof by such commissioner, un-der the order of the court, the fund aforesaid was obtained and held by such court and its commissioner. The general lien of a judgment upon the lands of the judgment debtor is subject to all equities which may exist against such lands, in favor of third parties, at the time the judgment becomes a lien thereon. A court of equity will control the legal lien of the judgment, and limit it to the actual interest of the judgment debtor in the property, and will fully protect the rights of those parties who have prior equitable interests in such property, or in the proceeds thereof. *Buchan* v. *Sum-ner*, 2 Barb. Ch. 165; *Monticello, etc., Co.* v. *Loughry*, 72 Ind. 562; *Hays* v. *Reger*, 102 Ind. 524; *Heberd* v. *Wines*, 105 Ind. 237.

In *Puett* v. *Beard*, 86 Ind. 172, speaking for the court, ELLIOTT, J., said: "It is generally agreed, both here and in England, that a solicitor has a lien for his costs upon a fund recovered by his aid, paramount to that of the persons in-terested in the fund or those claiming as their creditors. *Barker* v. *St. Quintin*, 12 Mees. & W. 441; *Vaughan* v. *Davies*, 2 H. Bl. 440; *Wylie* v. *Coxe*, 15 How. 415; *Stratton* v. *Hussey*, 62 Maine, 286; *Andrews* v. *Morse*, 12 Conn. 444. The reason for this rule is that the services of the solicitor have, in a certain sense, created the fund, and he ought in good conscience to be protected." See, also, *Adams* v. *Lee*, 82 Ind. 587.

In *Spencer's Appeal*, 9 Atlantic Rep. 523, decided May 9th,

1887, by the Supreme Court of Pennsylvania, the trial judge had "found as a fact that the money was paid to one who, as an attorney of the court, was employed by the petitioner to attend to the business which produced the money in contention, and that he did render considerable and valuable services, and brought the matter to a successful conclusion." And the Supreme Court held that such attorney was "undoubtedly entitled" to compensation for his services out of the fund.

In *Boyle* v. *Boyle*, 106 N. Y. 654, a case very similar in some of its features to the case under consideration, it was held by the Court of Appeals of New York that an attorney, who has rendered services in a partition suit, has a lien for those services upon his client's share of the proceeds, paramount to the claims of third persons to whom the client, pending the suit, assigns and mortgages his interest in the property as security for money owing them by him. *A fortiori*, as it seems to us, must it be held in the case at bar, that the lien of appellant for his services, as the attorney of said William A. H. Tate, upon his client's share of the proceeds of the sale of the lands and lots aforesaid, is paramount in equity and good conscience to the general lien of the judgment aforesaid against the said Tate, owned by appellee and described in his intervening petition herein, upon the share of said Tate in such lands and lots, or in the proceeds of the sale thereof in such partition suit.

The bill of exceptions is properly in the record. It was signed by the judge trying the cause, and was duly filed within the time given by the court, and it contained all the evidence introduced by the parties respectively in relation to the liens asserted by each of them, in his intervening petition herein, upon the fund belonging to William A. H. Tate, in the hands of the court below, or of its commissioner, and to the claim of each of them to priority of payment out of the aforesaid fund.

Our consideration of the evidence in the record, and of the facts established thereby, has led us to the conclusion that the finding of the court below, to the effect that the general lien of appellee's judgment was paramount to the equitable lien of appellant for his services as such attorney as aforesaid upon the aforesaid fund belonging to said William A. H. Tate, and in the hands of such court or its commissioner, is not sustained by such evidence, and is contrary to law.

For these causes we think that appellant's motion for a new trial or hearing herein ought to have been sustained by the court, and that the overruling of the motion was such an error as authorizes and requires the reversal of the judgment below.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain appellant's motion for a new trial or hearing herein, and for further proceedings not inconsistent with this opinion.

Filed April 10, 1888; petition for a rehearing overruled June 13, 1888.