Thomson, J.
The appellees were plaintiffs, and the appellants defendants, below. The complaint contained two counts. It was alleged in the first that the plaintiffs were attorneys at law, and in pursuance of their employment by Adna E. Teague, as his attorney, recovered a judgment for him against the defendants, Flint & Lomax, for the sum of $1,000, on the 11th day of April, 1898; that by agreement with Teague, before the action was commenced, they were to receive, as compensation for their services, an amount equal to one half of the judgment which might be recovered; that on the 18th day of May, 1898, Flint & Lomax, with full knowledge that the plaintiffs claimed a lien upon the judgment for the fees due them for their services in its recovery, clandestinely, surreptitiously and fraudulently caused Teague, who was financially irresponsible, in consideration of $350 paid by them to him, to enter satisfaction of the judgment, and that they never received any part of their fees. Judgment was prayed against Flint & Lomax for $500.
It was alleged in the second count that there were taxed, as costs in the case, the fees of certain witnesses who were summoned by Teague to testify in his behalf, which costs were included in the recovery of Flint & Lomax, no part of which was ever paid, and which fees had been duly assigned to the plaintiffs. Judgment was asked for $102, the alleged amount of the fees of those witnesses.
The defendants Flint & Lomax demurred to the complaint, as a whole, on the ground that the causes of action it stated, were improperly united. They also demurred to each count separately, on the ground that it did not state facts sufficient to constitute a cause of action; and to the first, on the ad *466 ditional ground that it was ambiguous, unintelligible and uncertain. The demurrers were all overruled, and Flint & Lomax declining to answer, judgment was entered against them for $602, the full sum claimed. Teague was made a party defendant, and answered, admitting the allegations of the complaint. Judgment was accordingly rendered against him for the same amount. The defendants, Flint & Lomax, have appealed to this court from the judgment against them.
We do not think the objection to the complaint, as a whole, well taken. Each count sought a money judgment against the same defendants, setting forth the same clandestine and fraudulent settlement as the ground upon which a right accrued to pursue Flint & Lomax personally, and both affected all the parties in the same character and capacity. But for another reason there was no misjoinder. It was objected to each count that it did not state a cause of action; and in our opinion, for reasons to be given later, the objection to the second count was well taken. We do not think it set forth a cause of action. Now, if the first count was good, there was only one cause of action stated, but if it was bad, the complaint contained no cause of action at all. On either hypothesis, the demurrer for misjoinder was properly overruled. It is only good causes of action that can be misjoined. Lee v. Simpson, 29 Wis. 333. In the second count, the plaintiffs sought a judgment against Flint & Lomax for fees due Teague’s witnesses, the claims for which had been assigned to the plaintiffs. Those witnesses had no claim against Flint & Lomax. They were summoned by Teague, and if he failed to pay them, their remedy was by a fee bill against him. He recovered those costs as part of his judgment against Flint & Lomax, and, on collection of the judgment, they were payable to him. They were owing by Flint & Lomax to him, and n'ot to the witnesses, and it was not to Flint & Lomax, but to him, that the witnesses must look for payment. They could not assign what they did not have; and by the assignment that was made, the plaintiffs acquired no cause of action against Flint & Lomax.
*467 The first count was neither ambiguous, unintelligible nor uncertain. We think some of its allegations immaterial, .but we have experienced, no difficulty in discovering exactly what the pleader meant.
Before demurring to this count, the defendants had unsuccessfully moved to strike out certain portions which they deemed irrelevant, and possibly a part, — certainly not all,— of their request should have been allowed ; but the most that can be said against the averments objected to, is that they were unnecessary. Beyond incumbering the record, they did no harm, and if the court’s refusal to strike them out was error, it was error without prejudice.
The first count stated a good cause of action. The plaintiffs had a lien for their fees on the judgment they recovered for Teague. On the face of the récord, the satisfaction entered by Teague operated to extinguish their lien. That satisfaction was clandestinely procured by Flint & Lomax, with knowledge of the plaintiffs’ lien, and of their intention to enforce it. The amount paid for the satisfaction was a trifle over one third of the amount of the judgment; and the effect of the transaction, if undisturbed, would be to defraud the plaintiffs of their fees, and enable Flint & Lomax to escape the payment of the principal portion of a lawful debt. By their conduct, they have estopped themselves to say that the satisfaction did not extinguish the lien, and as by their procurement, the remedy upon the judgment was lost, they are directly and personally liable to the plaintiffs for the amount of the fees. Both demurrers to the first count were properly overruled. See Davidson v. Board of Commissioners, 26 Colo. 549; 59 Pac. Rep. 46.
The judgment will be reversed with instruction to the district court to set aside the judgment rendered, sustain the demurrer to the second count, and enter a judgment against Flint & Lomax for 1500, with legal interest from the date of entry of first judgment.

Reversed.