## ALDEN v. WHITE, ADMINISTRATOR, ET AL.

[No. 4,069. Filed November 18, 1903. Rehearing denied February 5, 1904.]

ATTORNEY AND CLIENT.—*Lien of Attorney.*—An attorney, under employment of holders of fractional parts of a judgment, can not enforce a lien for services rendered in freeing the land, subject to the judgment, of tax liens, and preserving the same for the judgment, against such fractional parts of the judgment in the hands of a subsequent purchaser.

From Allen Circuit Court; *Edward O'Rourke*, Judge.

Action by John W. White, as administrator of the estate of James B. White, deceased, to revive and modify a judgment. Samuel R. Alden filed a cross-complaint. From a judgment against cross-complainant, he appeals. *Affirmed.*

*S. R. Alden*, for appellant.
*W. G. Colerick*, *K. C. Larwill* and *Guy Colerick*, for appellees.

HENLEY, J.—James B. White, now deceased, and represented in this proceeding by his administrator John W. White, on the 25th day of October, 1876, recovered a judgment against James R. Godfrey and his wife, Archange Godfrey, for $7,242.23, and the foreclosure of several mortgages, and an order of sale of about 300 acres of land to satisfy the judgment. In the year 1882 the said James B. White sold twelve-fifteenths of this judgment to twelve of the grandchildren of said Godfrey, each of said twelve children receiving one-fifteenth thereof. This action was commenced by James B. White on the 8th day of January, 1890, to revive said judgment decree and mortgage lien against the said James R. Godfrey, the children of his deceased wife, and said grandchildren, in which complaint, the sale and assignment of

said twelve-fifteenths is set forth, and it is alleged that he is the owner of three-fifteenths of said judgment.   On the 6th day of November, 1897, the said James B. White having died, his administrator was substituted as the plaintiff in said action.   The appellant · Alden was made a defendant to this action, the complaint alleging that he was claiming an interest in the judgment, in the shares thereof, which in 1882 had been sold to Ella Cass, William Cass, Henry Albert Cass, and Mary Godfrey.   He appeared to the action, and on the 24th day of May, 1900, filed his amended cross-complaint, asserting an interest in the four-fifteenths of said decree and mortgage lien assigned by the said James B. White to Ella Cass, William Cass, Henry Albert Cass, and Mary Godfrey in 1882. The only question raised by this appeal is the sufficiency of appellant's amended cross-complaint.   He asks, upon the facts stated in his cross-complaint, that the court declare his claim for attorney's fees a lien upon the four-fifteenths of the judgment, which, at the time the services were rendered, was owned by the Cass children and Mary Godfrey.

The cross-complaint shows the recovery in favor of appellee White's intestate of a judgment for $7,242.23 against the husband, James R. Godfrey, and a decree and order of sale against him and his wife, Archange Godfrey, of 300 acres of land, of the value of $12,000, on October 25, 1876, and stay of execution thereon by agreement; that the unpaid taxes regularly assessed on said real estate that had become delinquent in January, 1879, amounted to $4,612.60, and said land was on the 13th day of February, 1879, sold for said delinquent tax by the treasurer of said county, and thereafter on August 17, 1882, the auditor of said county conveyed the same to the purchaser Charles H. Aldrich, in obedience to the mandate of the superior court of said county, and the

purchaser paid, subsequently, accruing taxes thereon, and
claimed .a lien on the premises therefor, and for the
amount of the tax sale, with twenty-five per cent. interest
thereon, amounting to half the value of the premises,
and also purchased in like manner at tax sale other lands
of said minors; that after said tax sales, to wit, in 1882,
through the attorneys of said White in said foreclosure,
the parents of said minors were appointed as guardians,
respectively, for their said minor children, and petitioned
the court below for permission, with moneys by them re-
ceived as such guardians from the United States for each
of said minors, to purchase, and did purchase and take
an assignment by said White of one-twelfth of said decree
to each of said minors for $635.07, being par and accrued
interest for such share, on the statement that such decree
constituted the most certain and absolute security for such
investment.    At the price paid by each of said minors
said decree constituted an apparent lien of $9,526.05 upon
said premises worth $12,000, and an apparent prior tax
lien of over $6,000 burdened the same at the time, amount-
ing by 1890 to more than the entire value of said prem-
ises; that under such status of said 300 acres appellant
was employed by the guardians of appellees, said William
Cass, Henry Albert Cass and Mary Godfrey, and of Ella
Cass, deceased, prior to the filing of the amended cross-
complaint, to defend various suits and prosecute other
suits, all for the purpose of defeating said apparent tax
liens, and preserving their lands and the lien of said
decree, and freeing their lands from taxation, and also
to preserve and recover the shares of said minors in said
decree and mortgage liens to them assigned by said White,
and said claims were placed in appellant's hands as attor-
ney for such purpose, on the understanding and agree-
ment with said guardians that he should first pay himself
from the proceeds thereof for his services and outlay in

their behalf in such matters, and pay over the balance to his clients; that appellant rendered services and expended money under such employment of the value of $500 for each of said minors during a term of years, including the preparation and filing of cross-complaints in this action for the enforcement of their shares in said decree and mortgage liens as prior and superior to any interest appellee White's intestate had therein; that such services resulted in freeing said premises and the lands of said minors from said tax liens and declaring the same not subject to taxation; that thereafter, in July, 1892, appellee Louisa Neeb, as guardian for her daughter said Ella Cass, since deceased, with said daughter, requested appellant to purchase the share of said Ella in said decree for $400 and a receipt in full for his services and money paid in said Ella's behalf, and to pay them at once $25 for use in purchasing clothing immediately needed for said Ella, agreeing formally to assign such share at the subsequent session of the Allen Circuit Court; and appellant then paid said guardian $25 on such purchase, taking a memorandum executed by said guardian, showing the receipt of such sum and the terms of such proposed sale; that appellee White's intestate, with knowledge of appellant's accrued claims and equities, thereafter took an assignment of the shares of said Ella Cass, and of appellees, William Cass, Henry Albert Cass, and Mary Godfrey, and paid $500 for the assignment of each of said four shares; that appellant offered to said J. B. White and said guardian to conclude the purchase of the share of said Ella, and pay the balance therefor as provided in said memorandum thereof, but both said White and said guardian refused to accept such payment, or take any steps for transfer of record of such share to appellant, or repay him said $25 thereon advanced; that neither of said minors nor their guardians have ever paid appellant any part

of the value of his said services, or of the money by
him so expended in their behalf; that said Ella Cass died
after such transfer to appellee White's intestate, and ap-
pellee Louisa Neeb, her guardian, used for herself and
said Ella all funds by her received, and also used for
said appellees, William and Henry Albert, the funds re-
ceived by her for them, and that the only property of
said Ella, William, and Henry Albert, other than said
shares of said decree, is 295 acres, subject to a life estate
in their mother and father, which, by the terms of the
conveyance to them, vests in such of them as survive their
parents.  Appellant did not have, nor does he contend
that he had, any connection whatever with the suit in
which the judgment was entered.  He could not therefore
have had, and did not have, any statutory lien for attor-
ney's fees.

The cross-complaint shows that appellant was regularly
employed by persons having the legal right to contract
for his services, and that his services rendered under each
employment were of great value to his clients.  He con-
tends that the court should declare an equitable lien in
his favor, for the value of his services and money expended
by him, upon the shares held by his clients in the White
judgment; that it was through his services, rendered under
the employment, that the fund was created which he asks
the court to impress with the lien.

It was held in *Justice* v. *Justice,* 115 Ind. 201, that
equity supplied a lien, independent of the statute, for
the security of the attorney who rendered services bene-
ficial to his client.  And it was held in *Puett* v. *Beard,*
86 Ind. 172, 44 Am. Rep. 280, that an attorney has a
lien for his fees upon a fund recovered by his aid which
is paramount to that of persons interested in the fund,
or those claiming as their creditors.  These cases were
cited with approval in the case of *Koons* v. *Beach,* 147

Ind. 137, where the court said: "From the rules stated it follows that the fund acquired by the aid of the employed attorney is burdened by the agreed fee and can not be relieved by any act of the client." But we can not see how, under these decisions, appellant can hope to hold any part of the judgment lien in the hands of the purchaser. His services were not in the procurement of the judgment. He did not by his labor create the judgment lien. If he did in fact cause the lien already created to become valuable, when, without his services, it was worthless, his lien, if any, was upon the funds created by the discharge of the lien either by its enforcement or sale. The fund, if any, created by appellant's services, is not in the hands of appellee, and appellant's cross-complaint does not state facts which create a liability of any kind against the estate of James B. White.

The judgment is affirmed.