## Nichols v. Katres.

Appeal and Error—*Adjustment by Parties—Effect.* Where the parties to a judgment have adjusted their controversy a writ of error to review the judgment will be dismissed, even though there is depending the claim of the attorneys of the successful plaintiff below, to a lien upon the judgment, and a dispute as to the amount to be awarded to the attorneys. This controversy, must, in the first instance be adjusted in the lower court. (472)

*Error to El Paso District Court.*—Hon. J. E. Little, Judge.

Mr. W. E. Clark, for plaintiff in error.

Messrs. Orr, Robinett & Mason, for defendant in error.

Mr. Justice Garrigues delivered the opinion of the court.

Plaintiff in the court below, Katres, obtained a judgment against Nichols in the sum of $4,250.00 damages on account of injuries sustained from being run over by an automobile. The law firm of Orr, Robinett & Mason were plaintiff's attorneys, and before the trial, filed notice of a claim for attorneys' lien for their services on any judgment that might be obtained. Nichols brings the case here on error and asks for a supersedeas, and defendant in error has filed a motion to dismiss the writ and proceeding, for the reason the judgment sought to be superseded has been settled. Plaintiff in error in resisting the motion to dismiss, has set out in full, as an exhibit, the contract of settlement and release he made with Katres. This instrument, dated February 19, 1914, recites in substance that Katres, being desirous of terminating the liti-

gation, and securing an adjustment and settlement of the case has, in consideration of $1,525.00, agreed upon a settlement and release with Nichols. It states that $250.00 of this money has been deposited with the Central Savings Bank & Trust Company of Denver to pay Katres' doctor, and hospital bills; that $525.00 has been paid to him directly in money, and provides that the remaining $750.00 is to be paid to Orr, Robinett & Mason, unless they can be settled with for less, in which event, whatever is saved out of the $750.00 shall be paid to Katres; that if the attorneys who filed the lien refuse to accept the $750.00, it shall be paid into the registry of the court. The agreement recites: I, the undersigned, agree to and do release said Charles Hersey Nichols from any and all claim or demand which I now have or which I may hereafter have, and which has or may hereafter accrue to me, because of injuries received by me on August 23rd, 1913, and because of which injuries the action herein first above stated was instituted."

Orr, Robinett & Mason refused to accept the $750.00 or any part thereof.

There is nothing for us to review, on account of the settlement. It is no longer a case of actual controversy involving substantial rights between litigants, and presents now only moot questions of law in which we have no concern. The case no longer is one of any practical importance. The parties have settled it, and we can grant neither any relief. *Floyd v. Cochran,* 24 Colo. 489, 52 Pac. 676; *Knowles v. Harrington,* 45 Colo. 346, 101 Pac. 403; *Burns v. National Co.,* 47 Colo. 557, 108 Pac. 330; *Hawthorne v. Hendrie,* 50 Colo. 346, 116 Pac. 122; *Lane v. Lyon, ante* 166, 140 Pac. 197.

The only question remaining over which a dispute or legal controversy might arise, is the attorneys' lien, its amount and enforcement, which controversy must be settled in the first instance in the lower court. Nichols, having settled the case with Katres, cannot now prosecute the writ of error for the purpose of defeating an

alleged attorneys' lien, which is all there is left in the case.

· The motion to dismiss the writ of error will be sustained.

*Writ dismissed.*

Decision *en banc.* ·