## Hammond, Whiting and East Chicago Railway Company *v.* Kaput.

[No. 8,736. Filed November 4, 1915. Rehearing denied April 6, 1916.]

1. Appeal.—*Payment of Judgment.—Prosecution of Appeal.—Effect.* —Under §671 Burns 1914, §632 R. S. 1881, inhibiting a person who obtains a judgment from taking an appeal therefrom after receiving any money paid or collected thereon, the mere payment of a judgment or a part thereof by a judgment defendant does not necessarily estop him from prosecuting an appeal therefrom. p. 548.

2.  APPEAL.—*Moot Questions.*—*Dismissal.*—Where it appears that the controversy has been settled, or that the appealing party has no further interest therein, the appeal will be dismissed.   p. 548.

3.  COMPROMISE AND SETTLEMENT.—*Settlement of Litigation.*—*Attitude of Courts.*—Settlements of litigation between the parties either in or out of court, when made in good faith, are commendable and should be encouraged, since they usually end the controversy and leave nothing for the court to do except to show a disposition of the case in accord with the settlement.   p. 549.

4.  ATTORNEY AND CLIENT.—*Compensation of Attorney.*—*Equitable Lien.*—Where a fund has been secured to the client by the efforts of his attorney, and the compensation of the attorney is either expressly or impliedly such a charge against the fund as to amount to an assignment of some part thereof, equity will aid the attorney in the enforcement of his claim.   p. 549.

5.  ATTORNEY AND CLIENT.—*Compensation of Attorney.*—*Settlement with Client.*—*Rights of Attorney.*—The settlement of a case between plaintiff and defendant made after a judgment has been rendered for plaintiff and without the knowledge or consent of plaintiff's attorneys, who have taken a lien of record for their fee, is a constructive fraud on such attorneys, and they may assert and enforce their interest in the judgment regardless of the settlement.   p. 550.

6.  ATTORNEY AND CLIENT.—*Attorney's Lien.*—*Protection by Courts.*—*Settlement Between Parties.*—*Dismissal of Appeal.*—Where attorneys for plaintiff in an action for personal injuries filed a lien on the judgment obtained for him, from which judgment defendant appealed, and while the appeal was pending defendant settled with plaintiff in full without the knowledge or consent of his attorneys, a dismissal of defendant's appeal was required in order to preserve the lien rights of plaintiff's attorneys as against defendant, since the settlement was a constructive fraud on plaintiff's attorneys, which the court could not aid by a possible reversal of the judgment.   p. 551.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Mike Kaput against the Hammond, Whiting and East Chicago Railway Company. From a judgment for plaintiff, the defendant appeals.   *Appeal dismissed.*

*Peter Crumpacker* and *F. C. Crumpacker,* for appellant.

*D. J. Moran,* for appellee.

HOTTEL, J.—This is an appeal from a judgment of $1,200 obtained by appellee in an action brought by him against appellant for personal injuries alleged to have been received while alighting from one of appellant's cars. Appellee has filed a motion, verified by his attorney, to dismiss the appeal on the ground that appellant has settled with appellee and that the question now presented by the appeal is a moot one. This motion recites, among other things, the following: that on April 22, 1913, appellant's motion for a new trial was overruled by the trial court and judgment entered on the verdict; that on May 15, 1913, appellee's attorneys of record below, D. J. Moran and C. E. Greenwald, gave notice of an attorney's lien by endorsing the same on margin of the record of the judgment in this cause, signing the same and having it attested by the clerk of the Lake Superior Court; that the transcript of the record was filed in this court September 16, 1913; that appellant's original brief was filed January 14, 1914; that appellee's brief was filed February 14, 1914, and appellant's reply brief was filed February 28, 1914; that prior to January 12, 1914, one H. C. Green, who is general manager of appellant and in charge of its affairs in the State of Indiana opened up negotiations with appellee's attorneys with the view of settling appellee's cause of action, securing an accord and satisfaction of the judgment; that the negotiations as far as appellee's attorneys knew or were concerned were dropped without any agreement being reached; that on or about March 14, 1914, in George Girard's saloon in the city of Whiting, Indiana, H. C. Green, said general manager for the appellant, informed Charles E. Greenwald that he had settled the above en-

titled cause of action with the appellee, Mike Kaput, by paying to said Kaput a certain sum of money, towit, $150, which said sum was the sole and only consideration paid for the settlement of appellee's cause of action and satisfaction of said judgment; that the judgment in this cause has not been satisfied of record, but that some sort of an agreement of release and satisfaction of the judgment and appellee's cause of action has been secured by appellant from appellee, that neither appellant nor appellee has paid and satisfied the lien of appellee's attorneys for fees for securing the judgment in this cause, and the fees have not been paid or satisfied; that the only purpose appellant has in permitting the cause to go to final decision in this court is to prevent, if possible, and if not to hinder and delay, appellee's attorneys from collecting their attorneys' fee and enforcement of the lien thereof.

To this motion, appellant has filed a verified answer which reads as follows: "The appellant, for verified answer to appellee's motion to dismiss the above entitled appeal, represents to the court that on the 15th day of May, 1913, after judgment had been entered in the court below, appellee's attorneys of record gave notice of an attorney's lien, by endorsing on the margin of the record of said judgment a statement to the effect that they were claiming a lien for attorneys' fees against said judgment in the sum of six hundred dollars; that subsequently appellee himself called at the office of appellant, in the city of Hammond, on several occasions, and suggested and solicited a settlement of his claim and of said judgment; that appellant, through its then manager, Henry C. Green, after he had been so solicited several times by appellee, made a settlement of said judgment

with said appellee, paying him the sum of one hundred fifty dollars ($150.00), as consideration for the settlement of the same and accord and satisfaction of said judgment; that thereafter appellant, acting through its manager, offered Charles E. Greenwald, one of the attorneys for the appellee, a certain sum of money in satisfaction, release and discharge of whatever claims said attorneys might have, by reason of said lien endorsed on the margin of said judgment record; that the said Greenwald refused to accept the same; that the questions presented by the appeal in this case are not moot, but that there is involved in said appeal the question of the right of said attorneys to enforce said judgment and their lien thereon, and to proceed further with this cause for the purpose of determining their right to attorneys' fees; that said judgment has not been satisfied of record and said lien has not been discharged, and if this appellant is successful on appeal and said cause is reversed, the appellant will not be required to pay said attorneys anything in satisfaction of said lien; on the other hand, if the judgment is affirmed, the rights of said attorneys are protected and they can proceed as the law authorizes and permits under the circumstances; that the settlement of said cause of action and the accord and satisfaction of said judgment has been effected since the appeal in the cause was perfected and after all the briefs were filed; that it can have no effect upon the appeal and should not in any wise interfere with the final disposition of this suit. Wherefore", etc.

A provision of our statute (§671 Burns 1914, §632 R. S. 1881), inhibits *a person who obtains a judgment* from taking an appeal therefrom "after *receiving* any money paid or collected thereon".

The fact that this proviso of the statute is limited in its application to the party *obtaining a judgment* and *receiving any money thereon* evidences the fact that in enacting such proviso the legislature recognized a distinction between a judgment plaintiff and a judgment defendant. The reason for the recognition of such distinction is obvious, as there is "an essential difference between one who pays a judgment against him and one who accepts payment of a sum awarded him by a judgment". This is so because payment by the judgment defendant may often be necessary to protect the property of such defendant from sacrifice, and payment under such circumstances, either in law or reason, ought not to preclude the party so paying from assailing the judgment. It follows that mere payment of a judgment or a part thereof by a judgment defendant does not necessarily estop him from prosecuting an appeal therefrom. *Cleveland, etc., R. Co.* v. *Nowlin* (1904), 163 Ind. 497, 499, 72 N. E. 257, and authorities cited. However, where it appears that the controversy has been settled, or that the appealing party has no further interest therein the appeal will be dismissed. *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869, and cases cited; *South Park Floral Co.* v. *Garvey* (1915), 182 Ind. 635, 107 N. E. 68; *Payne* v. *Pugh* (1913), 54 Ind. App. 551, 103 N. E. 117; *Howard* v. *Happell* (1914), 181 Ind. 165, 103 N. E. 1065; *Chicago, etc., Co.* v. *Lewis* (1901), 156 Ind. 232, 59 N. E. 466; *State, ex rel.* v. *Indianapolis Gas Co.* (1904), 163 Ind. 48, 71 N. E. 139.

The real question, therefore, which we are called on to determine in this case is whether, under the showing here made, the controversy involved in

this appeal has been settled, or if not settled, whether the conduct of the appellant has been such as to estop it from asserting that such controversy has not been settled and estop it from claiming that it is entitled to have the questions presented by its appeal reviewed and passed on by this court.

3. A settlement of a litigation between the parties thereto either in or out of court, when made in good faith is commendable and should be encouraged. Such settlements usually end the controversy and leave nothing for the court to do except to show a disposition of the case in accord with the settlement. Appellant admits settlement with appellee, but says, in effect, that the controversy has not been settled in its entirety, because appellee's attorneys have of record a lien on the judgment below which, if such judgment is permitted to stand, may be enforced and collected from appellant by the attorneys, and that, if appellant is permitted to proceed with its appeal, and succeeds in reversing the judgment below, it will thereby destroy the judgment on which the lien is based and avoid the payment of the fee. It is argued that, on account of such lien, appellant still has an interest in procuring a reversal of the judgment and that this interest is one which the court should protect and preserve, and hence that the question for the disposition of the court is not moot.

Where a fund has been secured to the client by the efforts of his attorney, and the compensation for the attorney's services is either expressly

4. or impliedly such a charge against the fund as to amount to an assignment of some part thereof "equity will aid the attorney in the enforcement of his claim, ordinarily called a lien". *Koons* v. *Beech* (1897), 147 Ind. 137, 45 N. E. 601,

46 N. E. 587; *Justice* v. *Justice* (1888), 115 Ind. 201, 16 N. E. 615; *Puett* v. *Beard* (1882), 86 Ind. 172, 44 Am. Rep. 280; *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117. However, we have in this State a statute (§8278 Burns 1914, §5276 R. S. 1881), which expressly authorizes and provides a method for obtaining a lien for such services. A discussion of the rights and duties of the courts in the matter of protecting and enforcing the attorney's claim or lien in such cases and the method of procedure to be followed will be found in the following cases: *Nichols* v. *Katres* (1914), 57 Colo. 471, 140 Pac. 792; *Covington* v. *Bass* (1890), 88 Tenn. 496, 12 S. W. 1033; *Jones* v. *Duff Grain Co.* (1903), 69 Neb. 91, 95 N. W. 1; *Zentmire* v. *Brailey* (1911), 89 Neb. 158, 130 N. W. 1047; *Dahlstrom* v. *Featherstone* (1910), 18 Idaho 179, 110 Pac. 243; *Nielsen* v. *City of Albert Lea* (1904), 91 Minn. 388, 98 N. W. 195; *Peterson* v. *Struby* (1900), 25 Ind. App. 19, 56 N. E. 733, 57 N. E. 599; *Hanna* v. *Island Coal Co.* (1892), 5 Ind. App. 163, 31 N. E. 846, 51 Am. St. 246, note; *Flint* v. *Hubbard* (1901), 16 Colo. App. 464, 66 Pac. 446; *Desaman* v. *Butler Bros.* (1912), 118 Minn. 198, 136 N. W. 747, Ann. Cas. 1913 E 642, note; *Cameron* v. *Boeger* (1902), 200 Ill. 84, 65 N. E. 690, 93 Am. St. 165, 169, note; 2 R. C. L. 1080, §171. We need give no time to a discussion of the validity or character of the claim or lien of appellee's attorneys because, for the purpose of the question under consideration, appellant admits that appellee's attorneys have a lien on the judgment from which the appeal is taken.

Indeed, appellant's resistance of the motion to dismiss the appeal is predicated solely on the existence of such lien, and by its own admission its sole object and purpose in further prosecuting the appeal is to obtain a

reversal of the judgment below in order that it may avoid the enforcement of said lien against it, and entirely escape the payment of the attorneys' fees thereby secured. In some of the cases, *supra*, notably *Meidreich* v. *Rank*, it is held, in effect, that where the plaintiff's attorney has obtained a judgment for his client and has a lien thereon of record for his fees that a settlement between the defendant and plaintiff, in the absence of and without the knowledge of plaintiff's attorney is a constructive fraud on such attorney. Applying the legal principles recognized and announced in that case and the cases there cited to the instant case, it would seem that, in view of the fact that the settlement with appellee was effected and obtained by appellant without the knowledge or consent of appellee's attorneys, a constructive fraud was practiced on such attorneys, and that because thereof such attorneys, as to their interest in said judgment, are not bound by such settlement and they may assert and enforce such interest regardless of such settlement. This being true, it would seem necessarily to follow that appellant would have a corresponding or reciprocal interest in avoiding such judgment which it would be entitled to have protected and preserved by a determination of its appeal on its merits, unless by the constructive fraud so practiced by it, as indicated, it has estopped itself from asserting such right.

In this connection, it is proper to say that it seems to be appellant's idea that, inasmuch as there was no attempt between appellant and appellee to settle the fees of appellee's attorneys, and because the judgment was left unsatisfied so that appellee's attorneys may enforce their lien, in case the judgment is upheld by this court, that

there was no fraudulent collusion between appellant and appellee to defeat the attorneys in the enforcement of their lien within the meaning of the cases cited. It is true that the facts of the instant case do apparently differ, in such respect, from any of the cases herein cited, and if this court should do what appellant seeks to have it do, viz., consider its appeal on its merits and reverse the judgment below, and appellee's attorneys should then, in an independent action, seek to recover damages because of the collusion and fraud of appellant and appellee in the making of the settlement, it might be urged by appellant with some degree of plausibility that such settlement could not have operated as a constructive fraud on such attorneys. This would be so because a reversal of the judgment below by this court is necessary to consummate and give to such settlement an effect prejudicial to appellee's attorneys and hence, in the absence of such action of the court, no damages would result to such attorneys on account of such settlement. It seems to us, however, that such a contention is an argument against rather than in favor of the court considering the appeal on its merits, and thereby taking the chance of being compelled to reverse the judgment below with the result that, by such action, a constructive fraud will be consummated on the attorneys.

We know and appellant concedes that a reversal of the judgment below would destroy the lien of appellee's attorneys and hence prevent the enforcement of such lien against appellant. Such fees and the lien therefor being dependent on a judgment against appellant and appellant having settled with appellee, it would also follow that, in case the judgment below is reversed, such attorneys would likewise lose all opportunity to obtain

another judgment and thereby collect their fee from appellant, unless this court on reversing the present judgment (if on investigating the merits of the appeal a reversal should be found necessary) could order a new trial with instructions to the trial court to allow the appellee's attorneys to proceed with the trial of the cause in their own behalf, regardless of appellant's settlement with their client. Indeed appellant claims that a reversal of the judgment below will not only relieve it from the enforcement of the present attorney's fee lien but will also relieve it from any liability on account of appellee's attorneys' fees and, as before indicated, it admits that it is to secure such end that it is now seeking to prosecute its appeal and obtain a reversal of the judgment below. This is, in effect, a concession by appellant that it has been guilty of the conduct which, under the authority of *Meidreich* v. *Rank, supra,* amounts to a constructive fraud on appellee's attorneys, provided only that it may secure the aid of this court and obtain a reversal of the judgment below. In other words, the aid of this court, by way of a reversal of the judgment below is necessary to give appellant the benefit of its settlement as against appellee's attorneys and hence necessary to give effect to the constructive fraud so attempted to be practiced on the attorneys. It is the duty of a court of justice to prevent, rather than aid in making possible, such a result, and it seems that to prevent such result this court must either dismiss the appeal, and let the judgment below stand for the benefit of such attorneys, or otherwise pursue the course above suggested, if on investigation of the questions presented by the appeal a reversal of the judgment below is found to be necessary, it should grant a new trial with instruc-

tions to the trial court to permit appellee's attorneys to proceed with the case below for their own benefit, regardless of the settlement between appellant and appellee.

Inasmuch as we have no statute in this State providing for a lien by an attorney on his client's cause of action, there might be some question whether, under the law, this court, upon reversing the judgment below, would be authorized to direct the trial court to allow the plaintiff's attorneys to proceed with the case below in their own behalf, and, in any event, the ends of justice will, in our judgment, be better served by dismissing the appeal and allowing the present judgment to stand for the purpose of preserving the lien of appellee's attorneys for whatever it may be worth to them. Under the facts in this case, appellant is in no position to complain of such a result.

This conclusion is expressly supported, we think, by the case of *Nichols* v. *Katres, supra,* and is impliedly supported by the principles announced in many of the cases herein cited. We may adopt the concluding statement of the court in the case of *Nichols* v. *Katres, supra,* as entirely applicable to the facts of this case, viz., "The only question remaining over which a dispute or legal controversy might arise, is the attorney's lien, its amount and enforcement, which controversy must be settled in the first instance in the lower court. Nichols, having settled the case with Katres, cannot now prosecute the writ of error for the purpose of defeating an alleged attorneys' lien which is all there is left in the case."

For the purposes of the question here considered we have assumed that the settlement between appellant and appellee was valid and binding as

between the parties because in this respect the settlement is not questioned. Appeal dismissed.

NOTE.—Reported in 110 N. E. 109. As to lien of attorneys, see 51 Am. St. 251. As to the right of a party who recovers judgment for less than his demand to appeal after satisfaction of judgment, see 16 Ann. Cas. 79; Ann. Cas. 1914 C 301. As to the right of an attorney to a contingent fee as affected by a settlement between client and adversary, see 18 Ann. Cas. 1115; and as to the effect on an attorney's lien of a collusive settlement after verdict, see Ann. Cas. 1913 E 646.