UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL. *v.* MACKSVILLE GRAVEL COMPANY ET AL.

[No. 12,321. Filed January 27, 1926.]

HIGHWAYS.—*Creditors of contractor for construction of highway held entitled to share pro rata in money due contractor although materials furnished by some of them did not enter into and become part of highway.*—Where a contractor for the construction of a highway purchased from various materialmen materials which were incorporated in and became a part of the road and from others materials that were used in the construction of said road but were not incorporated in nor became a part thereof, all of said creditors were entitled to share *pro rata* in money due the contractor for constructing said road, although the claims for material that did not enter into the road were not within the terms of the contractor's bond, and, to allow payment to all of said creditors would

increase the liability of the surety on said bond, as they all helped to create the fund to be distributed, and their claims were superior to that of the surety.

From Marion Superior Court (A 17,825); *Linn D. Hay,* Judge.

Action by the Macksville Gravel Company and others against the United States Fidelity and Guaranty Company and others. The defendant William H. Price, as receiver for A. J. Yawger and Company, filed a cross-complaint against the plaintiff and others, who also filed cross-complaints setting up their claims to money due the receiver. From an order directing a *pro rata* distribution of the fund among the claimants, the named defendant appeals. *Affirmed.* By the court in banc.

*Pickens, Moores, Davidson & Pickens* and *W. F. Elliott,* for appellants.

*Beasley, Douthitt, Crawford & Beasley, Mote & Goodrich, Claycombe & Stump* and *Shirley, Whitcomb & Dowden,* for appellees.

ENLOE, P. J.—On September 4, 1919, one William H. Price was the duly appointed, qualified and acting receiver for A. J. Yawger and Company. Under and by virtue of leave and authority of the court which had appointed him as such receiver he entered into a contract with the State Highway Commission of this state for the construction of a portion of a State Highway (National Road) and the appellant United States Fidelity and Guaranty Company became the surety on his bond for the faithful performance of his said contract; said highway was, by said contractor, duly completed and thereafter duly accepted by said commission. This litigation involves the distribution of $16,317.13, retained by said commission under the terms of said contract until after said road had been fully completed and accepted by said commission. No question is made on this ap-

NOVEMBER TERM, 1925. 131

U. S. Fidelity, etc., Co. v. Macksville Gravel Co.—84 Ind. App. 129.

peal as to the form or sufficiency of any of the various pleadings and it is not necessary therefore that they be herein set out.

The cause was tried upon an agreed statement of the facts and the only error assigned is the overruling of appellant's motion for a new trial, based upon the alleged causes that the decision of the court was not sustained by sufficient evidence, and that the same was contrary to law.

It was stipulated and agreed that Price, as such receiver, was indebted to appellee Macksville Gravel Company for gravel used in the construction of said road; that he was indebted to the W. Q. O'Neal Company for sewer pipe used in the construction of said road; that he was indebted to the Indiana Portland Cement Company for cement used in the construction of said road, the amounts due each of the above creditors was agreed upon, and there is no controversy, on this appeal, concerning the same.

It was also agreed that A. Fromme Lumber Company had furnished lumber and materials which had gone partly into the construction of said road, partly into the construction of buildings in which to store cement to be used in the construction of said road, and partly into living quarters, buildings erected for the use and occupancy of the men employed by said Price in the building of said road, the reasonable value of all of the lumber so furnished being agreed upon at $607.06, with interest thereon from December 21, 1921; that Price, as such receiver, was indebted to James O. Heyworth for the rental of certain equipment, locomotives, trucks, boxes, railway track and switches, and incidental equipment appurtenant to the above, which was used by Price in the work of constructing said road under said contract, in the sum of $5,353.28, with interest thereon from January 1, 1922.

132    APPELLATE COURT OF INDIANA,

U. S. Fidelity, etc., Co. v. Macksville Gravel Co.—84 Ind. App. 129.

The trial court held that under the facts, the several creditors were entitled to share *pro rata* in the distribution of said fund so retained by said commission and there was a decree ordering the same paid to the clerk of the court, by said commission, and that the clerk should pay out the same, as in said decree ordered.

It is the contention of the appellant surety company that because the claim of said Heyworth was not enforceable against it, as being within the terms of said bond, had no right to share in the distribution of said fund; that to permit him so to share would be prejudicial to its rights by thereby increasing the amount for which it would be liable to other creditors whose claims were within the terms of its said bond. The same claim is made as to the portion of the claim of the Fromme Lumber Company which was for lumber which was used in erecting said storage buildings and quarters for the employees. This question of the distribution of said funds is the only one presented in this case.

Were the claims of Heyworth, and that portion of the claim of the Fromme Lumber Company covered by the materials which went into said buildings, to share in the distribution of said fund, superior to the right of the appellant guaranty company herein? Do these claimants present a claim where the strict letter of the law supplies no efficient remedy and where, in good conscience, they should not be deprived of their just compensation? The answer to the last question may be obtained by answering the following question: Was the fund in question in which they are seeking to participate secured or created through or as a result of their efforts, singly or in conjunction with the efforts of others? *Koons, Admr.,* v. *Beach* (1896), 147 Ind. 137, 46 N. E. 587.   In *Puett* v. *Beard* (1882), 86 Ind.

172, 44 Am. Rep. 280, Judge Elliott, speaking of the rights of attorneys, said: "We feel no hesitation in declaring that the attorneys have the better and senior right. Their services secured the judgment for their client, and upon the principle which gives a mechanic who manufactures an article a paramount right, they should receive their reward. It is no fanciful analogy that likens the rights of an attorney to such cases, for, in a limited sense, his services created his client's judgment. Considerations of public policy require such a result. * * * It is generally agreed, both here and in England, that a solicitor has a lien for his costs upon a fund recovered by his aid, paramount to that of the persons interested in the fund or those claiming as their creditors. * * * The reason for this rule is that the services of the solicitor have, in a certain sense, created the fund, and he ought in good conscience to be protected." See, also, *Justice* v. *Justice* (1888), 115 Ind. 201, 16 N. E. 615; *Miedreich* v. *Rank* (1907), 40 Ind. App. 393, 82 N. E. 117.

In this case, the Fromme Lumber Company and Heyworth, not by their labor, but by their materials and machinery furnished to and used by Price, each helped to create the fund in which they now ask to share along with other creditors who also helped to produce said fund. No case similar to the one now under consideration has been cited by counsel upon either side, and after a considerable search of the authorities we have been unable to find a similar case, but we hold that it is well within the principle announced in the cases cited above, and that the trial court did not err in ordering said fund to be distributed *pro rata* among the several claimants.

The judgment is affirmed.